## F. FARWELL v. A. P. JACKSON, JACOB L. FOSTER, AND R. H. WATERMAN.

JOINDER OF CAUSES OF ACTION.—If a mortgage is assigned by the mortgagee to another party as a pledge for the payment of a debt due the other party by the mortgagee, it is not an improper joinder of several causes of action for the assignee to unite in the same action his claim against the mortgagor and mortgagee and persons having liens or encumbrances upon the mortgaged property and make them all parties.

14

STATUTE OF LIMITATIONS.—The party relying upon the Statute of Limitations by demurrer must specially point out the objection in his demurrer, or it will be disregarded.

JUDGMENT ON DEMURRER.—Where one only of several defendants appears and demurs and the demurrer is sustained, it is error for the Court to give judgment in favor of the defendant who does not appear.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

*M. A. Wheaton,* for Appellant.

*Whitman & Wells,* for Respondents.

By the Court, RHODES, J.

This action was commenced against Jackson, Foster and Waterman, in August, 1863. It appears from the complaint that on the 26th of October, 1861, Jackson made and delivered to the plaintiff his promissory note for two hundred dollars, and to secure the payment of the note he assigned to the plaintiff a certain mortgage executed to him by Foster, November 29th, 1858, to secure and indemnify him against any loss that he might sustain in consequence of his having executed a promissory note as surety for Foster to M. A. Wheaton for the payment of five hundred dollars, three months after date, the note bearing even date with the mortgage. Suit was commenced on the note to Wheaton, and Foster having failed to pay the same, Jackson, on the 29th of November, 1859, paid the note, which then amounted to six hundred and nineteen and fifty-four one hundredths dollars. It is stated that Waterman claims to have some interest in or claim upon the mortgaged premises, which is subject and subsequent to the mortgage. The plaintiff seeks to foreclose the mortgage.

Foster was not served and he does not appear in the action, and Jackson neither demurred to nor answered the complaint. Waterman demurred to the complaint on the grounds: First— That several causes of action were improperly united—a

cause of action against Jackson alone, with a cause of action wherein Waterman and Foster were necessary parties; Second—That the complaint does not state facts sufficient to constitute a cause of action; and Third—That the complaint is ambiguous, unintelligible and uncertain. The demurrer was sustained, and the plaintiff declining to amend, judgment was rendered against the plaintiff in favor of all the defendants. The plaintiff, and Jackson, one of the defendants who did not appear in the Court below, joined in the notice of appeal, and they unite in assigning for error, the order sustaining the demurrer to the complaint.`

The first and third causes of demurrer are clearly not sustainable. We are not apprised of the point relied upon to sustain the second cause of demurrer, as no brief of the respondents is on file, but from the points of the appellants we presume that the Statute of Limitations was mainly relied upon. We held in *Brown* v. *Martin*, (25 Cal. 82,) that the party relying upon the Statute of Limitations, by demurrer, must specially point out the objection in his demurrer, otherwise the objection would be disregarded.

We may remark in explanation of our views of the case, that we regard the action as brought by the plaintiff, as the pledgee of the mortgage of Foster to Jackson, to foreclose the mortgage and recover the amount that became due to Jackson upon his payment of the note to Wheaton. The judgment in favor of the defendant, who was served, but did not appear in the action, cannot be sustained, whatever may be the nature of the action.

Judgment reversed, and the cause remanded with directions to the Court below to overrule the demurrer.