## L. LASKY *v.* H. S. DAVIS.

APPEALABLE ORDER.—An appeal does not lie from an order made on a motion to
retax costs. Such order can be reviewed only on an appeal from the judgment.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

The plaintiff recovered judgment, and filed his bill of
costs. The defendant moved to retax the same by striking
out several of the items. The Court made an order sustain-
ing the motion. The judgment was entered December 27th,
1866. The plaintiff's bill of costs was filed on the same
day. The notice of motion to retax fixed the 5th day of
January, 1867, as the day the motion would be made. The
order was finally entered on the 13th day of April, 1867.
The plaintiff appealed from the order. The defendant moved
to dismiss the appeal.

*Charles Wittram,* and *Samuel F. Reynolds,* for Appellant.

This order is appealable. The third subdivision of section
three hundred and thirty-six of the Practice Act provides
for an appeal from any special order made after judgment.
This order was made a long time after the judgment was
entered and perfected. The Court below, then, undertook
to deprive the plaintiff of a part of the fruits of that judg-
ment. From that action of the Court the plaintiff appeals,
and only from that. The case of *Levy* v. *Getleson,* 27 Cal.
685, cited by the opposite counsel in their brief, has no
application to this case. There the order refusing to retax
the costs was made a month before the judgment was
entered. It was an order made intermediate—made during
the progress of that suit, and before judgment was entered
therein.

*Grey & Brandon,* for Respondent.

The order retaxing costs is not appealable, and can only

be reached by an appeal from the judgment. (*Levy* v. *Getleson*, 27 Cal. 688.) It is not a " special order made after final judgment," (Practice Act, Sec. 336,) but is an order modifying the judgment; and how can this Court act upon the *judgment* unless by an appeal from it ?

By the Court, SANDERSON, J.:

An order made on a motion to retax costs is not appealable. It is not an order made after final judgment within the meaning of section three hundred and forty-three of the Practice Act, even though it be made after the entry of judgment, for in legal effect the order, if the motion is granted, amounts to a modification or amendment of the judgment, or in other words becomes a part of it. If the motion is denied the error is none the less in the judgment, and can be reviewed only upon an appeal from the judgment. Costs are included in and constitute a part of the judgment, (Sec. 511,) and hence, though ascertained and adjudged by the Court after an entry of the judgment by the Clerk may have been made, yet the law considers such action of the Court as having preceded the final judgment. (*Votan* v. *Reese*, 20 Cal. 90 ; *Levy* v. *Getleson*, 27 Cal. 688 ; *Stevenson* v. *Smith*, 28 Cal. 105.)

The appeal is dismissed.