[No. 2,675.]

## M. J. DOOLY *v.* T. B. NORTON AND HENRICH UMLAUFF.

APPEAL FROM ORDER RETAXING COSTS.—An order on a motion to retax costs, if made after the entry of judgment, is a special order made after final judgment, from which an appeal lies.

IDEM.—If such order is made before the entry of judgment, it may be reviewed by an appeal from the judgment, with a statement annexed to the record.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*J. H. Budd,* for Appellant.

There is no provision in the Practice Act in regard to a retaxation of costs, but the recognized practice has been to move the Court, on notice, to retax the cost, if deemed erroneous. (*Burnham* v. *Hays,* 3 Cal. 115; *Chapin* v. *Broder,* 16 Cal. 419; *Gay* v. *Franklin,* 5 Cal. 416.) The decisions are silent as to the time when the motion to retax should be made. There is nothing to indicate that it should be necessarily made during the term of the rendition of the judgment. In fact, should the judgment be rendered on the last day of the term, then a motion to retax could not in many cases be made at the term of the rendition of the judgment. A mistake or willful wrong in the memorandum of costs would be no ground for a new trial. (*Stevenson* v. *Smith,* 28 Cal. 105.) And unless the aggrieved party be allowed a reasonable time, even after the term of the Court had passed, to move to retax the costs, he would, in many cases, be without remedy.

*Terry & Carr,* for Respondent.

The motion to retax costs was properly refused; costs are included in and form a part of the judgment, and a motion to retax is in legal effect a motion to modify or amend the judgment. (*Lasky* v. *Davis,* 33 Cal. 677.) After the adjournment of the term at which a judgment is entered, the Court has no power to amend it, except to correct an error disclosed by the record itself. (*Hegeler* v. *Henkell,* 27 Cal. 491.) Except in the cases provided for in the sixty-eighth section of the Practice Act, a Court has no power to set aside or modify a judgment after the lapse of the term at which

it was rendered, unless some step was taken during the term to preserve its jurisdiction over the case. (*Carpentier* v. *Hart*, 5 Cal. 406; *Bell* v. *Thompson*, 19 Cal. 706; *Casement* v. *Ringold*, 28 Cal. 338; *De Castro* v. *Richardson*, 25 Cal. 49.)

By the Court, SPRAGUE, J.:

The judgment was rendered February 21st, 1870; and on the twenty-third of the same month the plaintiff filed his memorandum of costs, etc. At the next term of the Court, defendant Norton moved that the costs be retaxed. The motion was dismissed on the ground that the Court had no jurisdiction of the motion, as the judgment had been entered at a former term of the Court. The defendant appeals from the judgment and the order dismissing the motion.

Had the order dismissing the motion been made before the rendition of the judgment, it might have been reviewed under an appeal from the judgment, and might have been presented by a statement on such appeal. But the question here presented is, whether an appeal lies from the order, as a special order made after final judgment. In *Levy* v. *Getleson*, 27 Cal. 688, the order denying the motion to retax the costs was made before the judgment was entered, and it was held that the order was not appealable, as it was not made after the final judgment, and that the question of its correctness might be raised by a statement annexed to the judgment roll. It was also held in *Stevenson* v. *Smith*, 28 Cal. 105, that an error in the taxation of costs must be reviewed and corrected on an appeal from the judgment. In that case the motion and order were made before the entry of the judgment. In *Lasky* v. *Davis*, 33 Cal. 677, the costs were retaxed on the motion of the defendant. The order was made more than three months after the entry of the judgment, and from the order the plaintiff appealed. The

appeal was dismissed on the ground that the order was not an order, after final judgment, within the meaning of section three hundred and forty-three of the Practice Act, but amounted to a modification or amendment of the judgment; that the order, though made after, will be deemed in law to have been made before the entry of the judgment. The authorities which are cited by the Court are those above mentioned and *Votan* v. *Reese*, 20 Cal. 90.) The last mentioned case merely decided that the costs could not be considered in determining whether the matter in dispute was sufficient to give the Supreme Court jurisdiction of the appeal from the judgment.

The order made on the motion to retax the costs in an action is a proper subject for review, in some mode, in this Court. If made before the judgment is rendered, it may be reached by an appeal from the judgment; but if made more than twenty days after the entry of judgment, how is the question to be presented for review? It is very clear, upon the authorities in this Court, that it can be presented only by means of a statement on appeal. The statement cannot be annexed to the judgment, because more than twenty days have elapsed since the entry of the judgment. (Sec. 338.) If it is not annexed to the order it has no place in the record and cannot be brought before the appellate Court.

The motion to retax the costs is in effect a motion to modify the judgment, and however the order may be considered, when it is made before the entry of the judgment, it seems clear to me that when it is made after the entry of the judgment it is an order after final judgment as fully in every sense as an order modifying the judgment in any other respect. If this be not the true construction the party complaining of the order would, in many instances, be without redress.

No error appears in the judgment, and it is affirmed; the

order appealed from reversed and cause remanded; and it is ordered that this judgment be entered as of the 25th day of February, 1871.

RHODES, C. J., dissenting:

The defendant appeals from the judgment which was entered at the February term of the District Court, and from an order made at the ensuing May term, dismissing his motion to retax the costs. The order is not appealable; but a review of the action of the Court, on a motion to tax or retax the costs, may be had upon an appeal from the judgment. (*Levy* v. *Getleson*, 27 Cal. 688; *Stevenson* v. *Smith*, 28 Cal. 105; *Lasky* v. *Davis*, 33 Cal. 677.) In *Lasky* v. *Davis* it was considered that the order retaxing the costs was not a special order, made after final judgment, within the meaning of section three hundred and forty-three of the Practice Act, though made after the judgment, in point of time.

It necessarily follows, from the doctrine of those cases, that if the order be made after the rendition of the judgment, the time for the filing of the statement on appeal, so far as respects the proceedings on the motion to tax or retax costs, will commence running from the entry of the order. The statement in this case was filed in due time.

The plaintiff's memorandum of costs was filed ten days before the adjournment of the February term; and the defendant, at the May term, moved that the costs be retaxed. The defendant did not show, as required by section sixty-eight of the Practice Act, that he had been unable to apply for a retaxation of the costs during the February term. The Court should, on that ground, have denied the motion. The dismissal of the motion may be accepted in this case as amounting to a denial of the motion; and although the decision was placed on the ground that the Court had no

jurisdiction of the motion, because it was made after the adjournment of the term at which the judgment was rendered, yet, as the order was right, it should not be disturbed.

I am of opinion that the judgment should be affirmed, and the appeal from the order dismissed.

Mr. Justice CROCKETT did not express an opinion.