[No. 11012.   Department Two. — August 28, 1885.]

EMPIRE GOLD MINING COMPANY, RESPONDENT, *v.* BONANZA GOLD MINING COMPANY, APPELLANT.

MINING CLAIM — TRESPASS — MEASURE OF DAMAGES. — The measure of damages in an action for trespass on a mining claim is the amount of money that will fully compensate the plaintiff for all detriment proximately caused by the trespass.

ID. — NOMINAL DAMAGES. — The trespass being proved, the law presumes nominal damages; and the defendant cannot justify his act, and obtain a verdict, by showing that the value of the ore extracted from the claim was less than the expense of extracting it.

EVIDENCE — IMPEACHMENT OF WITNESS. — Affidavits or letters of a witness which tend, although in a slight degree, to contradict his testimony, are admissible for that purpose.

COSTS — TAXING — ORDER — APPEAL. — An order on a motion to tax a cost bill, made after the rendition and entry of final judgment, can be reviewed only on a direct appeal therefrom.

APPEAL from a judgment of the Superior Court of Sierra County, and from an order refusing a new trial.

The facts are stated in the opinion.

*John Gale,* for Appellant.

*Van Clief & Wehe,* for Respondent.

SEARLS, C. — Action to recover damages for trespass upon a mining claim, and to obtain an injunction restraining defendant from the commission of like trespasses.   Plaintiff had verdict and

judgment for $5,000 and costs taxed at $1,344.45.  Of the sum taxed as costs, $926 was for expenses of a survey made under an order of the court upon application of plaintiff and for its benefit.  Defendant moved for a new trial which was denied, and the appeal is taken from final judgment and order denying motion for new trial.

Appellant claims that the verdict is unsustained by the evidence, wholly inconsistent with the instructions of the court, and apparently given under the influence of prejudice and passion.

Plaintiff and defendant were the owners of adjoining mining claims, which were worked by drifting beneath the surface. Defendant had worked beyond its line and upon the claim of plaintiff.  The damage sustained by plaintiff thereby was the problem which the jury was required to solve.

Those familiar with this character of mining will readily comprehend the difficulties in the way of determing the value of the material removed.  The operations are mainly carried on through underground tunnels, drifts, and works not open to inspection, and to which the public has no access.  The pay-dirt, as it is termed, usually of limited quantity, is removed to the surface to be washed, and in paying mines, being of large value compared with its bulk, is frequently washed by the owner, or some trusted agent, who alone can know with certainty the value of the proceeds.  These and several other causes conspire to prevent the introduction by the party injured in such cases of testimony precise in character.

The most that can or should be demanded is to require such probative facts as best tend to illustrate and demonstrate the ultimate object in view.  To the eye of the experienced miner, the appearance of the gravel with which he is entirely familiar may afford some indication of its value—its situation in the mine—whether upon or off the channel—near or remote from the bed-rock, the value of ground adjoining or in close proximity, are circumstances which with many others are proper to be considered by a jury and are frequently the best and only evidence within reach.  If this class of circumstances, all converging on the very point at issue, tend to exaggerated results, it will generally be found that the party whose acts are complained of is possessed of all the necessary facilities for correcting the error.

In the case at bar there was a marked and substantial conflict in the testimony. Witnesses for defendant testified very positively to facts from which it would be reasonable to suppose the mining ground in question fell short of paying expenses, while on the part of plaintiff there was testimony tending to a state of facts in support of a larger verdict than was rendered by the jury.

Whether the jury deemed it improbable that defendant would have continued for some months to work the ground of its neighbor at a heavy loss to itself, or by what particular process they reached their verdict, we need not speculate, provided always there was ample testimony in support thereof.

With testimony thus conflicting, a jury composed as we may well suppose, in part at least of miners, was peculiarly qualified to deal, and we should not feel authorized to disturb their verdict merely because upon the face of the record we might feel like coming to a different conclusion.

Appellant seems to lay some stress upon the fact that the instructions of the court were of such a character as to demand a different verdict.

The only instruction asked by the plaintiff, so far as appears in the record, was to the effect that if the defendant entered upon plaintiff's claim, and dug and removed gold-bearing earth therefrom, the true measure of damages to plaintiff will be an amount of money which will fully compensate it for all detriment proximately caused thereby.

The instruction embodies the rule laid down by our Civil Code as the measure of damages for breach of an obligation arising upon contract. (Civ. Code, § 3300.)

No rule more favorable to the defendant could reasonably be asked.

The instructions given at the request of defendant from one to eight, both inclusive, were quite as favorable as ought to have been given, and one of them, the fourth, was entirely too favorable.

It was to the effect that if the jury found the necessary expense and cost of digging the gold-bearing earth and of extracting the gold therefrom, equaled or exceeded the value of the gold dust extracted, they should find for the defendant.

We do not think the question of trespass or no trespass is to be determined on the basis of profit and loss.

For every trespass upon real property the law presumes nominal damages. (*Atwood* v. *Fricot*, 17 Cal. 38.)

The instruction under consideration was probably based upon the rule as laid down in *Maye* v. *Yappen*, 23 Cal. 306, in which the court says:—

"The complaint in the case alleges that the defendants at divers times wrongfully entered upon a portion of plaintiff's mining claim and extracted the gold and gold-bearing earth from a portion thereof, which gold and gold-bearing earth they wrongfully carried away and converted to their own use; and the value of the gold thus carried away is alleged to have been $2,000. No demand of the possession of the gold after it was separated from the earth appears to have been made upon the defendants, and the gravamen of the action appears to be the injury done to the land itself by the acts of the defendants. The proper rule for damages in a case like the present is the value of the gold-bearing earth at the time it was separated from the surrounding soil and became a chattel. . . . . In estimating these damages the expense of extracting the gold and separating it from the earth after it is first moved from its original location is to be deducted from the value of the gold taken out of the mining ground of the plaintiffs." This decision was affirmed in *Goller* v. *Fett*, 30 Cal. 482.

The complaint in this case is substantially the same as in *Maye* v. *Yappen*, and there is no disposition to question the doctrine enunciated in that case.

The rule cannot, however, be extended so as to entitle a defendant who has committed a trespass to justify his act and obtain a verdict by showing the value of the property taken to be less than the expense of its severance from the realty.

There was no error in the admission of the affidavit and letters of Southerland in evidence. He was superintendent of the corporation defendant, was a witness at the trial, had testified that he did not know he was working on plaintiff's ground, and that he did not order the tunnels to be caved to prevent a survey.

The affidavit and letters tended in some slight degree to contradict his testimony, and to that extent and for that purpose were admissible.

Plaintiff filed a cost bill in the case including therein $926, as costs and expenses of a survey made by plaintiff, and for its benefit under an order of the court. Judgment in the cause was entered August 11, 1884. On the 16th day of August, 1884, defendant gave notice of a motion to tax the costs on the ground that the items aggregating as above are not such necessary disbursements in the action as can be legally claimed as costs by plaintiff.

On the 15th day of September, 1884, the court entered an order as follows: "Motion to tax costs denied. Ordered that the costs of the survey are necessary disbursements, and that the costs will stand as taxed," which ruling is assigned as error.

It is objected on the part of plaintiff that the order of the court refusing to strike out items from the cost bill, being a special order and made after the rendition and entry of final judgment, is an appealable order, and cannot therefore be reviewed except by a direct appeal therefrom. Code Civ. Proc. § 956; *Calderwood* v. *Peyser*, 42 Cal. 112; *Clark* v. *Crane*, 57 Cal. 633, and *Dooly* v. *Norton*, 41 Cal. 441, are relied upon in support of the position taken.

This court had previously held in *Lasky* v. *Davis*, 33 Cal. 677, that an order made on a motion to retax costs is not appealable. It is not an order made after final judgment within the meaning of section 343 of the Practice Act, even though it be made after the entry of judgment, for in legal effect the order, if the motion is granted, amounts to a modification or amendment of the judgment, or in other words becomes a part of it.

If the motion is denied the error is none the less in the judgment, and can be reviewed only upon an appeal from the judgment. Costs are included in and constitute a part of the judgment, and hence, though ascertained and adjudged by the court after an entry of judgment by the clerk have been made, yet the law considers such action of the court as having preceded the final judgment.

In *Dooly* v. *Norton*, 41 Cal. 441, the court reviews the previous cases on the subject, and holds that an order made on motion to retax the costs in an action is a proper subject for review in some mode in this court.

If made before the judgment is rendered it may be reached by an appeal from the judgment, but if made after the entry of judgment it is an order after final judgment, from which as a special order an appeal will lie, thus virtually overruling *Lasky* v. *Davis*.

The reasoning in *Calderwood* v. *Peyser*, 42 Cal. 112, and *Clark* v. *Crane*, 57 Cal. 633, is in line with *Dooly* v. *Norton*.

The case of *Flubacher* v. *Kelly*, 49 Cal. 116, though referring to *Lasky* v. *Davis* with seeming approval, was really a case in which the motion to strike out a cost bill was made before the entry of judgment, and under all the cases could only be reviewed by an appeal therefrom.

A motion to tax a cost bill is a special motion, that is not a proceeding as of course in the cause, and an order thereon is a special order, and if made subsequent to the rendition and entry of final judgment can only be reviewed in this court by a direct appeal therefrom.

This rule is in harmony with the letter and spirit of the Code of Civil Procedure.

In appeals from final judgments the statement or bill of exceptions may be framed so as to include a review of all orders prior to the entry of judgment, but as to orders made subsequent to judgment, and which may and usually will require a special statement, and that too frequently after the time for statement on appeal has expired, the inconvenience in practice of treating them as included in the appeal from final judgment will be found a serious objection, to say nothing of trenching upon the true intent of the Code.

We think the objection of respondent to considering the question arising on the cost bill well taken. The judgment of the court below and the order denying defendant's motion for a new trial should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.