[No. 14148.     Department One. — July 23, 1891.]

## VICENTE YORBA, RESPONDENT, v. M. DOBNER, AP-
PELLANT.

COST-BILL — VERIFICATION OF MEMORANDUM — AUTHORITY OF ASSISTANT
ATTORNEY. — Under section 1033 of the Code of Civil Procedure, pro-
viding for the verification of a cost-bill, an attorney who verifies the
memorandum need not be the attorney of record, but it is sufficient if he
was employed to assist in the case. Any one who has knowledge of the
facts may verify the memorandum.

ID. — APPEALABLE ORDER — STRIKING OUT COST-BILL — ORDER AFTER
JUDGMENT. — An order striking out a cost-bill, made after the rendition
and entry of final judgment, is an appealable order, and can be reviewed
without an appeal from the judgment.

APPEAL from an order of the Superior Court of Orange
County striking out a cost-bill.

The facts are stated in the opinion of the court.

*Brousseau, Hatch & Thomas,* for Appellant.

*Victor Montgomery,* for Respondent.

PATERSON, J. — This is an appeal from an order strik-
ing out the defendant's memorandum of costs, on the
ground that it was not " verified by the oath of the party,
or his attorney or agent, or by the clerk of his attorney,"
as required by the provisions of section 1033 of the
Code of Civil Procedure.

The judgment was entered in the court below on July
24, 1890, and the order striking out the cost-bill was

made on August 21, 1890. The order is therefore appealable, and can be reviewed without an appeal from the judgment. (*Empire Gold Mining Co.* v. *Bonanza Gold Mining Co.*, 67 Cal. 406.)

The motion to dismiss the appeal is denied.

We think the court erred in its ruling. The memorandum was verified by Mr. West, a member of the bar of Orange County. Mr. West was not an attorney of record, but he assisted in the trial of the cause, and participated in the examination of witnesses, and in the argument to the jury. Being the local attorney, he doubtless knew more about the costs and disbursements than the attorneys of record, who resided in the city of Los Angeles. The statute does not say that the attorney verifying the memorandum must be the attorney of record, and there is no reason for such a requirement. The object of the statute is to allow either the party or some representative who may be more familiar with the facts to verify the items of the bill. Formerly, the statute required that the memorandum should be verified by the oath of the party. The court held that it could be done by his attorney, the legislature having intended, no doubt, to permit any one having knowledge of the facts to verify the account. (*Burnham* v. *Hays*, 3 Cal. 119.) That is certainly what was intended by the legislature in the enactment of the statute now in force.

The order is reversed, with directions to hear the motion to tax costs on any other grounds named therein, but to overrule the objection we have considered.

HARRISON, J., and GAROUTTE, J., concurred.