[No. 14694.   Department Two. — June 18, 1892.]

NEWTON  W.  CRANE,  APPELLANT,  v.  ROBERT  O.
FORTH ET AL., RESPONDENTS.

APPEAL FROM JUDGMENT — PRESUMPTION — FINDINGS — FORECLOSURE OF
MORTGAGE — STREET ASSESSMENT — ASSIGNMENT OF MORTGAGE — DE-
FICIENCY JUDGMENT AGAINST ASSIGNOR. — When an appeal is taken
upon the judgment roll alone, without any bill of exceptions or findings
of fact, in an action by an assignee of a mortgage to foreclose the mort-
gage, and also a street assessment lien purchased by him to protect his
mortgage interest, and it appears that the assignor of the mortgage de-
nied the validity of the assessment, the presumption, from a judgment
refusing to enforce the assessment against the assignor in a deficiency
judgment against him, must be, that the court found in his favor on the
issue as to the validity of the street assessment, though the judgment
makes the lien a charge upon the mortgaged property as against the
other defendants who admitted the allegations of the complaint.

ID. — COSTS — DISALLOWANCE — PRESUMPTION AS TO COST BILL. — Upon
an appeal from a judgment not providing for costs, taken upon the
judgment roll alone, without any bill of exceptions or statement,
where it does not appear that the prevailing party filed or served any
cost bill, nor that he in any manner moved the court, either before or
after final judgment, to allow him costs, it cannot be presumed that he
filed or served any cost bill, but must be presumed that the judgment
is correct; and an objection that the court erred in refusing a judgment
for costs will not be considered.

ID. — MODE OF ASSAILING ERROR AS TO COSTS. — An error of the trial
court in denying a party costs before final judgment should be shown by
a bill of exceptions, or a statement on motion for a new trial. An erro-
neous order after final judgment, relating to costs, can only be consid-
ered upon an appeal from such order.

APPEAL from a judgment of the Superior Court of
Ventura County.

The facts are stated in the opinion.

*W. H. Wilde,* for Appellant.

*Blackstock & Shepherd, E. S. Hall.* and *J. Hamar,* for
Respondent.

VANCLIEF, C. — On February 1, 1888, Robert W. Forth
made his promissory note to the defendant Barnard, for
four hundred dollars, payable one year after date, with
interest at one per cent per month, and to secure the

same executed to Barnard a mortgage of same date on a lot of land situate in the town of San Buenaventura, county of Ventura. May 28, 1888, Forth died intestate. On June 16, 1888, the widow, Caroline, was appointed administratrix of Forth's estate. Publication of notice to creditors to present their claims within four months was duly made, commencing on June 22, 1888; but Barnard failed to present his note or mortgage within the four months, or at all. On March 14, 1889, Barnard assigned the note and mortgage to the plaintiff for a consideration of four hundred dollars, then paid, which was equal to the amount then due upon the note, the interest having been paid to Barnard up to the date of the assignment. The written assignment of the note and mortgage, made on a separate paper, contained the following clause: "And the party of the first part (assignor) does hereby make, constitute, and appoint the said party of the second part his true and lawful attorney, irrevocable, in his name or otherwise, *but at the proper costs and charges of the said party of the second part,* to have, use, and take all lawful ways and means for the recovery of the said money and interest." On December 31, 1889, the authorities of the town of San Buenaventura claimed to have levied a street assessment of $163.20 upon the mortgaged lot, in favor of one Safford, who demanded payment thereof, and threatened to foreclose it as a lien upon the lot; whereupon plaintiff, as he alleges, to protect his mortgage interest, took from Safford an assignment of the street assessment, and the alleged lien therefor, and paid Safford the amount of the assessment.

Plaintiff commenced this action on February 14, 1891, to foreclose both the street assessment and the mortgage, alleging substantially the facts above stated, and in addition thereto, that Barnard indorsed the mortgage note; and praying judgment against the *defendants* for the amount due upon the note and mortgage for principal and interest; that the mortgaged premises be sold for cash, *subject to* the lien of the street assessment, " or in default thereof, that the proceeds of said sale be appro-

priated and applied to the costs and expenses thereof, to the payment of the costs of this action, and attorney's fees therein, to the payment and discharge of said assessment, and the amounts due thereon, and that the balance of said proceeds be applied to the payment of the amount due the plaintiff herein; . . . . and that said plaintiff may have judgment and execution against the said defendant, Charles Barnard, for any deficiency," etc.

The answer of the defendants, other than Barnard, admits the facts stated in the complaint, and prays that any surplus of the proceeds, "after satisfying the judgment of the plaintiff herein," be paid to them; but if there remains no surplus, that they "may go hence without costs," etc.

The defendant Barnard in his answer denied that he indorsed the note; admits that his name was written to a receipt indorsed upon the note for interest paid him before he assigned the note, but denies that it was written or intended as an indorsement of the note to plaintiff; denies all the averments of the complaint relating to the street assessment; alleges that, at the time of the assignment, the value of the mortgaged property was eight hundred dollars, and that plaintiff neglected to enforce payment of the note by suit or otherwise, nine months after the assignment, during which period he might have foreclosed the mortgage, and thereby realized the whole amount due thereon before the alleged street assessment was levied, and that since said assessment the property has greatly depreciated in value.

Findings of fact were waived. The court decreed a sale of the mortgaged premises by the sheriff, and from the proceeds ordered the sheriff to pay to the plaintiff $512, the amount found to be due on the note and mortgage, and from the surplus, if any, to pay plaintiff the further sum of $188.36, for principal and interest of the street assessment; and should a surplus still remain, that it be paid into court for the defendants, other than Barnard. And the court further ordered and adjudged, that if the money proceeds of the sale should be insufficient

to pay the note and mortgage, that the sheriff return the deficiency, and that the clerk docket a judgment therefor against the defendant Barnard alone; and that the other defendants be free from all liability for such deficiency.

The plaintiff brings this appeal from the judgment, upon the naked judgment roll, without any bill of exceptions.

1. It is contended that the court erred in directing the proceeds of the sale to be first applied to the payment of the note and mortgage; that the street assessment should have been first paid, and that a judgment should have been docketed against Barnard for the deficiency of the proceeds of the sale to pay both the assessment and the mortgage, since he was liable for both, and the mortgage was subject to the assessment. This, however, involves the untenable assumption that the street assessment was valid. Barnard denied the validity of that assessment, and the presumption, from the judgment roll containing no bill of exceptions nor findings of fact, must be that the court found in his favor upon the issue as to the validity of the street assessment. That the court allowed the street assessment as against the other defendants, who were the owners of the mortgaged property, is accounted for by the fact that they, in their separate answer, expressly admitted "the truth of the allegations in the complaint contained."

2. It is contended for appellant that the court erred in refusing plaintiff a judgment for costs. This point has no foundation in the record. It merely appears that there is no judgment for costs. It does not appear that plaintiff filed or served any cost bill, and it cannot be presumed that he did. (*Riddell* v. *Harrell*, 71 Cal. 254; *Thompson* v. *Brannan*, 76 Cal. 618.) Nor does it appear that he in any manner moved the court, either before or after final judgment, to allow him costs. But if the court erred in denying him costs *before* final judgment, the error should have been shown by bill of exceptions, or statement on motion for new trial. (*Muir* v. *Meredith*, 82 Cal. 19.) Had the court made an erro-

neous order *after* final judgment, relating to costs, the only remedy would be by appeal from such order. (*Empire Co.* v. *Bonanza Co.*, 67 Cal. 406.) Upon the record here it must be presumed that the judgment is correct.

I think the judgment should be affirmed.

BELCHER, C., and TEMPLE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.