[Civ. No. 3326.  Second Appellate District, Division One.—July 28, 1920.]

In the Matter of the Proceedings for the Disbarment of D. G. KLING, Attorney and Counselor at Law.

[1] APPEAL—REVERSAL OF JUDGMENT—STRIKING OUT OF COST BILL—REVIEW OF ORDER—TIME.—The effect of a reversal of a judgment suspending an attorney at law from practicing his profession upon the ground that the same was not warranted by the evidence is to remand the case for a new trial; therefore, an appeal will not lie directly from an order striking out a bill for costs and disbursements at the trial and on appeal, served and filed upon the going down of the *remittitur* following such reversal of the judgment, but a review thereof can be had only upon an appeal from the judgment entered upon the retrial of the case.

APPEAL from an order of the Superior Court of Los Angeles County striking out a cost bill. Grant Jackson, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

D. G. Kling, *in pro. per.*, and Winslow P. Hyatt for Appellant.

Alfred Wright, Alexander Macdonald, Percy V. Hammon and Paul Vallee for Respondent.

SHAW, J.—A proceeding for the disbarment of appellant as an attorney at law was instituted in the superior court by the Los Angeles Bar Association. The trial thereof resulted in an order made suspending him from practicing his profession. On appeal therefrom the judgment was reversed (*Matter of Kling*, 44 Cal. App. 267, [186 Pac. 152]) upon the ground that the same was not warranted by the evidence. Upon the going down of the *remittitur*, appellant served and filed his bill for costs and disbursements made at the trial and on appeal, to which respondent interposed a motion to retax, strike out and disallow the same, which motion was by the court granted and from which this appeal is prosecuted.

Appellant, conceding that the allowance of costs is a matter of statutory regulation, bases his claim to the allowance thereof upon the statutes applicable to civil cases and special proceedings to the effect that the prevailing party, except in certain cases wherein this proceeding is not included, is entitled to costs both for expenditures made in the lower court upon trial and upon appeal. (See secs. 1022, 1024, 1025, 1027, Code Civ. Proc.) These sections appear to refer alone to the allowance of costs in civil actions and special proceedings; hence we have grave doubts as to whether they constitute authority for an allowance of costs to one who successfully defends himself in a disbarment proceeding, the provisions for which are confined to chapter 1, title V, part I, Code of Civil Procedure, entitled, "Attorneys and Counselors at Law," wherein no reference is made to an allowance of costs in such a proceeding. (See *Morton* v. *Watson*, 60 Neb. 672, [84 N. W. 91]; *State* v. *Fisher*, 82 Neb. 361, [117 N. W. 882]; *In re Watt & Dohan*, 154 Fed. 678; and *In re Eaton*, 7 N. D. 269, [74 N. W. 870].)

Since, however, we are clearly of the opinion that the appeal must be dismissed, we deem it unnecessary to decide the question.

[1] To entitle a party to appeal directly from an order of this character, it must, as provided by section 963 of the Code of Civil Procedure, appear that the same was made after final judgment rendered<sup>1</sup> in the case wherein allowance of costs is sought. (*Crane* v. *Forth*, 95 Cal. 88, [30 Pac. 193]; *Empire Co.* v. *Bonanza Co.*, 67 Cal. 406, [7 Pac. 810].) As stated, the judgment of disbarment was, on appeal, reversed for insufficiency of the evidence to justify the findings implied therein. The effect of such reversal was to remand the case for a new trial. (*Ryan* v. *Tomlinson*, 39 Cal. 639; *Falkner* v. *Hendy*, 107 Cal. 49, [40 Pac. 21, 386].) By such action the parties, until a new trial was had or other disposition made of the case, were in precisely the same position as if a trial thereof had never been had. (*Sharp* v. *Miller*, 66 Cal. 98, [4 Pac. 1065].) Hence, for the reason that at the time of the making of the order no final judgment had been rendered in the case, the order is not appealable. A review thereof can be had only upon an appeal from the judgment. (*Lasky* v. *Davis*, 33 Cal. 677; *Stevenson* v. *Smith*, 28 Cal. 105, [87 Am. Dec. 107]; *Empire Co.* v. *Bonanza Co., supra.*)

There is no merit in appellant's contention that the order of this court reversing the judgment from which the appeal was taken must be deemed a final disposition of the case without further action on the part of the trial court. By virtue of the reversal the case was remanded to the trial court for further action and disposition.

The appeal is dismissed.

Conrey, P. J., and James, J., concurred.