[Civ. No. 3541. Second Appellate District, Division Two.—June 29, 1921.]

## GUSSIE DRACOVICH, Respondent, v. VINCENT DRACOVICH, Appellant.

[1] DIVORCE — TRUTH OF ALLEGATIONS — SUFFICIENCY OF GENERAL FINDING.—In an action for divorce, a finding that "all the allegations contained in the complaint are true" is a sufficient finding upon each and every issue arising out of the complaint and the denials in the answer.

[2] ID.—FALSITY OF DEFENDANT'S AVERMENTS—EXCEPTIONS—SUFFICIENCY OF FINDINGS.—In such an action, a finding that "all the allegations contained in defendant's answer and cross-complaint, except those alleged in the complaint, are false," leaves no uncertainty as to what the court intended to decide, and fully disposes of every issue raised by defendant's affirmative averments.

[3] ID.—JUDGMENT—FINDINGS—INCORPORATION IN ONE DOCUMENT.—In an action for divorce, the judgment is not rendered ineffective merely because it and the findings are incorporated in the same document.

[4] ID.—SEVERAL GROUNDS OF DIVORCE—EVIDENCE—FINDINGS—JUDGMENT—APPEAL.—Upon an appeal from a judgment in favor of the plaintiff in an action for divorce brought by the wife against the husband upon the grounds of willful desertion, willful neglect,

and extreme cruelty, if there is sufficient evidence to support the trial court's finding of defendant's willful desertion of plaintiff, it is of no consequence that there may not be sufficient evidence to justify the findings of defendant's extreme cruelty and willful neglect.

[5] ID.—CREDIBILITY OF WITNESSES—PROVINCE OF TRIAL COURT.—The trial court is the exclusive judge of the credibility of the witnesses and the weight of the evidence, and its determination upon questions of fact is conclusive upon the appellate court if there is any evidence tending to support its decision.

[6] ID.—CONFLICTING AFFIDAVITS—CONCLUSION OF TRIAL COURT—APPEAL.—Where the trial court, in denying the defendant's motion to tax certain items of cost and to strike from the decree the provision to pay a given sum to plaintiff as attorney's fees, gives credence to the affidavit made and filed by plaintiff's attorney in opposition to the affidavits filed in support of the defendant's motion, on appeal from the order denying such motion the affidavit in favor of plaintiff must be taken as true, and the facts stated therein must be considered as established.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. H. Heath for Appellant.

Frederick Beutel for Respondent.

FINLAYSON, P. J.—This is an action for divorce brought by the wife against the husband upon the grounds of willful desertion, willful neglect, and extreme cruelty. The court entered an interlocutory decree in favor of the plaintiff, from which the defendant appeals.

In his answer, defendant denies the material averments of the complaint respecting the several alleged grounds for a divorce; and in a cross-complaint charging plaintiff with willful desertion, he prays that he be granted the divorce. The court adjudged that plaintiff is entitled to the divorce, and that on the expiration of a year from the entry of the interlocutory decree a final judgment be entered dissolving the bonds of matrimony. The court further adjudged that plaintiff have the custody of the minor children; that defendant pay plaintiff for the support and maintenance of

the children ten dollars per week; and that he pay her
seventy-five dollars as attorney's fees and likewise her costs.

The judgment makes no disposition of the community
property, nor does it require the husband to pay any ali-
mony. He, therefore, has no ground for complaint respect-
ing either of those matters. His cross-complaint does not
pray for a division of the community property, all of which
is in his possession, and therefore he is not injured even if
the decree does ignore his wife's prayer for such relief.

The findings, which are incorporated in the same docu-
ment with the interlocutory decree, are as follows: "The
court finds that all of the allegations contained in the com-
plaint are true, and that a divorce ought to be granted as
prayed for in said complaint, and that all of the allegations
contained in the defendant's answer and cross-complaint,
except those alleged in the complaint, are false."

Appellant contends: (1) That the court has not found
upon all of the issues raised by the pleadings; (2) that the
finding that "all of the allegations contained in the com-
plaint are true" is not justified by the evidence, in that (a)
there was no evidence offered in support of the charge of
extreme cruelty, (b) defendant had a sufficient excuse for
leaving plaintiff, (c) he did not neglect, for a whole year,
to provide his wife with the common necessaries of life; and
(3) that the judgment for attorney's fees and costs was
procured by fraud.

[1] The findings are sufficient in form and dispose of
every issue in the case. The finding that "all the allega-
tions contained in the complaint are true" is a sufficient
finding upon each and every issue arising out of the com-
plaint and the denials in the answer. Such a finding has
repeatedly been upheld by our supreme court. (See *Gale*
v. *Bradbury*, 116 Cal. 39, [47 Pac. 778], and *McKelvey* v.
*Wagy*, 157 Cal. 406, [108 Pac. 268].)

[2] The finding that "all the allegations contained in
defendant's answer and cross-complaint, except those alleged
in the complaint, are false" is a direct finding upon each
and every issue tendered by the affirmative allegations in
defendant's answer as well as each and every issue pro-
duced by plaintiff's answer to defendant's cross-complaint.
True, this finding is cast in a somewhat awkward form, but
its meaning is clear and unequivocal. The language is

equivalent to a finding that all the affirmative averments of the answer and cross-complaint are false, except such averments therein as are likewise found in the complaint. The finding leaves no uncertainty as to what affirmative averments in defendant's answer and cross-complaint the court intended to decide and find to be false. It is not like the findings in those cases where the court found that the allegations of the answer are true "except in so far as they are *inconsistent* with the allegations of the complaint," or "except in so far as they do not *accord* with the allegations of the complaint." Such findings leave uncertain what allegations of the answer the trial court regarded as being "inconsistent" with or not in "accord" with the allegations of the complaint. But there is no such uncertainty here. The finding in the instant case, as we read it, is, in substance, a finding that all the allegations of the answer and all the allegations of the cross-complaint are false, save only such as are identical with corresponding allegations appearing in the complaint, as, for instance, the allegation that the parties are husband and wife, the allegations stating the time and place when and where the marriage was entered into, and the names and ages of the children. A finding that all the affirmative averments in defendant's pleadings are false, excepting such averments as are identical with corresponding allegations in plaintiff's complaint, leaves no uncertainty as to what the court intended to decide, and fully disposes of every issue raised by defendant's affirmative averments.

[3] The judgment is not rendered ineffective merely because it and the findings are incorporated in the same document. (*Hopkins* v. *Warner,* 109 Cal. 139, [41 Pac. 868].)

[4] If there is sufficient evidence to support the finding of defendant's willful desertion of plaintiff, it is of no consequence that there may not be sufficient evidence to justify the ·findings of defendant's extreme cruelty and willful neglect. For in that case the judgment can rest upon the finding of willful desertion. If, therefore, the finding of willful desertion is justified by the evidence, the interlocutory decree must be affirmed. . (*Reid* v. *Reid,* 112 Cal. 274, [44 Pac. 564].)

The evidence sufficiently establishes plaintiff's charge of desertion. Plaintiff's testimony shows the following: Defendant left his family and the home in which they were residing more than a year before the commencement of the action. When leaving, he said that he was going away, that he and his wife could not get along together, and that it was useless to try to live together. For three months thereafter plaintiff remained in the family residence. During that time the neighbors supplied her with food and wood; she sold, from time to time, parts of the furniture, thereby helping to eke out a bare existence on the proceeds. At the end of the three months she was compelled to go to her mother's home, where she and the children received shelter and some support. Defendant never sent for his wife nor did he ever offer to return and live with her. There was evidence of other witnesses in corroboration of these facts. Defendant sought to show that he did not leave with the intent to desert his wife, and that his conduct was justified. But upon these matters there was a sharp conflict in the testimony, and we, therefore, cannot say that the evidence is not sufficient to support the charge of willful desertion. [5] The trial court is the exclusive judge of the credibility of the witnesses and the weight of the evidence, and its determination upon questions of fact is conclusive upon this court if there is any evidence tending to support its decision.

[6] Four days after the entry of the interlocutory decree defendant served and filed a written notice that he would move the court to retax certain items of cost and also to strike from the decree the provision directing him to pay seventy-five dollars to plaintiff as attorney's fees. This motion, supported by the affidavits of defendant, his counsel, and others, was made upon the ground that, shortly prior to the trial, plaintiff and defendant had entered into an oral agreement whereby the latter agreed that he would not oppose the granting of a divorce to his wife on her complaint, and she, in consideration of such promise, agreed to pay her own costs and attorney's fees and to permit her husband to have the custody and society of the minor children during their school vacations. In an affidavit made and filed by plaintiff's attorney, these charges of fraud and collusion are vigorously and categorically denied. The

motion, according to the briefs of both parties on this appeal, was denied by the trial court, although the record before us is wholly silent as to what action was pursued by the court. However, since the parties have argued the point in their briefs upon the hypothesis that defendant's motion was denied, we shall assume that such was the action taken by the trial court.

In denying defendant's motion, the court thereby gave credence to the affidavit of plaintiff's counsel. And well it might; for the shameless effrontery of the affiants who, in aid of defendant's motion, confessed their participation in an alleged fraudulent scheme to impose upon the court and permit the procurement of a divorce by collusion and chicanery, was alone sufficient to discredit their sworn statements, however solemnly made. The affidavits that were filed in support of the motion being contradicted, it is beyond our power to disturb the ruling of the court below. "In the consideration of an appeal from an order made upon affidavits, involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered as established." (*Doak* v. *Bruson,* 152 Cal. 19, [91 Pac. 1001].)

Moreover, not only does the record before us fail to show what, if any, action was had on defendant's motion, but there is no appeal from any order denying the motion. Since the motion was made after the entry of the interlocutory decree, there is a question whether an order denying such a motion—a special order made after the entry of judgment—can be reviewed on an appeal from the interlocutory decree. If an interlocutory decree in a divorce action is to be deemed a "final judgment," within the meaning of the provision of subdivision 2 of section 963 of the Code of Civil Procedure, declaring that an appeal may be taken "from any special order made after final judgment," then it would seem that an order denying defendant's motion would be reviewable only on a direct appeal therefrom, and not on an appeal from the interlocutory decree. (See *Dooly* v. *Norton,* 41 Cal. 439; *Empire Co.* v. *Bonanza Co.,* 67 Cal. 410, [7 Pac. 810]; *Yorba* v. *Dobner,*

90 Cal. 337, [27 Pac. 185].)   However, it is not necessary to decide this question of jurisdiction, and we refrain from doing so.

Finding no prejudicial error in the record, the judgment appealed from is affirmed.

Works, J., and Craig, J., concurred.