[Civ. No. 4047.  Second Appellate District, Division Two.—July 10, 1923.]

## C. C. STAFFORD, Respondent, v. EDWIN F. HILL, Defendant; FRANCES B. HILL, Appellant.

[1] COSTS—APPEAL BY ALTERNATIVE METHOD—REPORTER'S TRANSCRIPT. Under the terms of section 953a of the Code of Civil Procedure, which provides for the alternative method of appeal, the reporter's transcript filed by the appellant is a part of the record on appeal, and the expense of such transcript is a proper item of costs under section 1027 of that code.

[2] ID.—PAYMENT—SUFFICIENCY OF VERIFICATION.—A verification of a cost bill to the effect, among other things, that the items of the memorandum "are true and correct and have been necessarily incurred in this cause" is sufficient, and it is not necessary that the verification show that such items were actually paid out.

APPEAL from an order of the Superior Court of Los Angeles County taxing costs and denying a motion to strike a memorandum of costs from the files. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Herbert Cutler Brown for Appellant.

J. Vincent Hannon for Respondent.

WORKS, J.—This is an appeal from an order taxing costs and denying a motion to strike a memorandum of costs from the files.

[1] Appellant objects to an item of costs allowed by the trial court, being the amount paid for a reporter's tran-

script of testimony used on a former appeal of the cause under the alternative method. Appellant cites *Sime* v. *Hunter,* 55 Cal. App. 157 [202 Pac. 967], as authority for her claim that such an item is not properly taxable as costs, but the opinion in that action does not possess the force which appellant attributes to it. There the item was for a *copy* of the reporter's transcript used on the appeal, the copy having been paid for by the *respondent* and having been procured for the private use of that party in connection with the appeal. The respondent claimed the item as costs and it was properly disallowed, of course. Here, however, the item claimed was expended by the *appellant* on the former appeal, respondent here, for the reporter's transcript which he filed with the district court of appeal under the alternative method. This item was properly allowed under the provisions of section 1027 of the Code of Civil Procedure, providing that a party entitled to costs on appeal "may recover all amounts actually paid out by him in connection with said appeal, and the preparation of the record for the appeal." Under the terms of section 953a of the Code of Civil Procedure, providing for the alternative method of appeal, the reporter's transcript filed by an appellant is a part of the record on appeal.

[2] It is insisted by appellant that the memorandum of costs should have been stricken for the reason that it was not verified as required by law. The verification is to the effect, among other things, that the items of the memorandum "are true and correct and have been necessarily incurred in this cause." This language is in exact accord with the requirements of sections 1033 and 1034 of the Code of Civil Procedure, providing what such verifications must contain, but appellant contends that under the language of section 1027 of the same code the verification should show that the amounts set forth in the memorandum were actually paid out. The point is without merit. Section 1027 has nothing to do with the form or contents of the verification. It merely provides what items of expenditure may be recovered as costs.

Order affirmed.

Finlayson, P. J., and Craig, J., concurred.