[Civ. No. 2938. Third Appellate District.—August 20, 1925.]

JOSEPH MARKART, Appellant, v. IRVING S. ZEIMER et al., Respondents.

[1] Appeal—Finality of Judgment of Reviewing Court.—A judgment of a court of review affirming, reversing or modifying a judgment on appeal from a judgment of the superior court is a final judgment, whether the judgment appealed from and affirmed, reversed or modified, be a final judgment or only an interlocutory judgment or decree.

[2] Id.—Order on Motion to Tax Costs.—An order on a motion to retax a cost bill made after the rendition of a final judgment by the superior court is appealable.

[3] Id.—Motion to Strike out Cost Bill—Construction of.—While an order denying a motion to strike out and from the files of the superior court a memorandum of costs and disbursements on appeal is not, strictly speaking, based on a motion to tax costs, it amounts to the same thing in its general purpose and effect, and such application will be treated as amounting to the same proceeding as a motion to tax or retax costs.

[4] Id.—Taxing of Costs—Ancillary Matter—Review on Appeal.— The proceeding for the taxing of costs involves a matter growing

1. See 2 Cal. Jur. 137.
2. See 7 Cal. Jur. 298; 7 R. C. L. 797.

out of but collateral or ancillary to the particular judgment in the procurement of which in the action in which the judgment is rendered such costs are incurred; and while it is true that the costs incurred by reason of the action and the trial thereof may become ·a part of the judgment rendered therein, and in such case the matter of the taxing of the costs is reviewable on an appeal from such judgment, this does not mean that it may not be reviewed on appeal from the order taxing or disallowing the costs.

[5] ID.—SPECIAL ORDERS AFTER FINAL JUDGMENTS—FINALITY OF JUDGMENT ON APPEAL.—Section 963 of the Code of Civil Procedure does not expressly restrict its operation as to appeals from special orders after final judgments to those made after final judgments of the superior court, but the language of that section is general and reasonably applicable to any special order made after the rendition of any final judgment, and a judgment by an appellate court is such a final judgment.

[6] ID.—COSTS ON APPEAL—REMEDY OF DISSATISFIED PARTY.—If the losing party on appeal is dissatisfied with the costs on appeal claimed by the prevailing party, section 1034 of the Code of Civil Procedure authorizes a motion to have the same taxed; and the party dissatisfied with such costs as taxed by the superior court may have the order taxing same reviewed as provided by section 963 of said code.

(1) 3 **C. J.,** p. 590, n. 74.   (2) 3 **C. J.,** p. 540, n. 50.   (3) 3 **C. J.,** p. 540, n. 49.   (4) 15 **C. J.,** p. 175, n. 24.   (5) 3 **C. J.,** p. 457, n. 31.   (6) 3 **C. J.,** p. 540, n. 49.

MOTION to dismiss an appeal from an order of the Superior Court of San Joaquin County denying a motion to strike out cost bill on appeal. C. W. Miller, Judge. Motion denied.

The facts are stated in the opinion of the court.

Sawyer & Sawyer for Appellant.

George F. McNoble and Hartley F. Peart for Respondent.

HART, J.—Motion to dismiss appeal from a certain order made by the court below.

The plaintiff sued the defendants, who are physicians and surgeons, for damages for injuries alleged to have been

6.  See 7 Cal. Jur. 317.

directly · produced by their negligence while they were engaged in the performance of a surgical operation upon his person. The cause was tried by a jury, and verdict and judgment in favor of the plaintiff followed. In due time defendants took an appeal from said judgment, and subsequently said appeal was heard and considered by this court, with the result that the judgment was reversed and the cause remanded to the court below for a new trial. (*Markart* v. *Zeimer and Heppner,* 67 Cal. App. 363 [227 Pac. 683].) The *remittitur* therein, having been, in due legal time, transmitted by the clerk of this court to the clerk of the court below, was duly filed in the office of the county clerk of the county of San Joaquin, on the nineteenth day of July, 1924. Thereafter, and on the sixteenth day of August, 1924, the defendants caused to be filed in the office of the clerk of the court below a memorandum of their costs and disbursements on appeal in said action; that, on said sixteenth day of August, 1924, notice of the filing of said memorandum or bill of costs and disbursements was served on the counsel for the plaintiff, in the city and county of San Francisco and on the said sixteenth day of August said counsel for plaintiff, in writing, accepted service of said notice.

On the twenty-ninth day of August, 1924, the counsel for the plaintiff served notice on defendants or their counsel, to the effect that, on Monday, the eighth day of September, 1924, at 1:30 P. M. of said day, they would move the court below "for an order striking out and from the files of this court defendants' memorandum of costs on appeal on file herein," on several different specified grounds. This notice of said motion was answed by the defendants by denials and certain affirmative allegations, and a prayer for a settlement of defendants' bill of costs as filed on the date above stated. As above stated, the motion was denied. The ground of the motion to dismiss this appeal is that the order from which the appeal purports to have been taken is not one of the special orders made after final judgment from which section 963 of the Code of Civil Procedure provides that an appeal will lie, inasmuch as (so the contention is) a judgment of an appellate court affirming, reversing or modifying a judgment is not a final judgment within the meaning of said section, which section, among other things, provides

that an appeal may be taken from any special order made after final judgment.

Section 1027 of the Code of Civil Procedure provides that the prevailing party on appeal is entitled to his costs excepting when the judgment is modified. (See, also, rule XXIII, supreme and appellate courts.) In this case, as seen, the judgment of the appellate court involved a straight reversal—that is to say, the judgment appealed from was not modified.

The proceeding in which the order from which the present appeal is taken is founded upon the provisions of section 1034 of the Code of Civil Procedure, which reads as follows: "Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the *remittitur* is filed with the clerk below, deliver to such clerk and serve upon the adverse party a memorandum of his costs, verified as prescribed by the preceding section. The party dissatisfied with the costs claimed may move to have the same taxed in the same manner and within a like time after notice of filing of the bill of costs, as prescribed by the preceding section. After such costs have been taxed, or the time for taxing the same has expired, execution may issue therefor as upon a judgment."

[1] It is not contended that the judgment of a court of review affirming, reversing or modifying a judgment on appeal from a judgment of the superior court is not a final judgment. Indeed, no such contention or claim could logically be urged, for, obviously, a judgment by such court is final in the strictest sense, and this is true, of course, whether the judgment appealed from and affirmed, reversed or modified, be a final judgment or only an interlocutory judgment or decree. The contention is, as we have seen, that the judgment of a court of review is not the "final judgment" referred to by section 963 of the Code of Civil Procedure providing that from any special order made after "final judgment" an appeal will lie, and that, therefore, in order that he may have the action of the trial court refusing to strike from the files the defendants' memorandum of costs on appeal reviewed, the plaintiff must do so by an appeal from some judgment in the case.

[2] It is settled that an order on a motion to retax a cost bill made after the rendition of a final judgment by the

superior court is appealable. It was recently so declared by the supreme court, speaking through Mr. Justice Seawell, in *Hennessy* v. *Superior Court etc.*, 194 Cal. 368 [228 Pac. 862], citing *Dooly* v. *Norton*, 41 Cal. 439; *Empire Gold Min. Co.* v. *Bonanza etc. Min. Co.*, 67 Cal. 406 [7 Pac. 810]; *Yorba* v. *Dobner*, 90 Cal. 337 [27 Pac. 185]; *Linforth* v. *San Francisco Gas etc. Co.*, 9 Cal. App. 434 [99 Pac. 716]; *Quitzow* v. *Perrin*, 120 Cal. 255 [52 Pac. 632]; *Elledge* v. *Superior Court*, 131 Cal. 279 [63 Pac. 300]. **[3]** It may be suggested that, while it is true that the order from which the appeal here is taken is not, strictly speaking, based on a motion to tax costs, but is founded on a motion to strike the cost bill from the files, yet, in its general purpose and effect, it amounts to the same thing. In fact, the application upon which the order appealed from herein is based has been treated as amounting to the same proceeding as a motion to tax or retax costs. (See *Stafford* v. *Hill*, 63 Cal. App. 15 [217 Pac. 766], and *Arrow Garage Co.* v. *Kikugawa*, 69 Cal. App. 509 [231 Pac. 571].) The position of the movant herein, however, is based principally on the opinion in the case of *In re Kling*, 48 Cal. App. 741 [192 Pac. 453]. In that case the order appealed from was founded on an application to retax, strike out and disallow the respondent's bill for costs on appeal, the proceeding to retax and disallow having evidently been inaugurated under the provisions of section 1034 of the Code of Civil Procedure, *supra*. It is said in the Kling case:

"To entitle a party to appeal directly from an order of this character, it must, as provided by section 963 of the Code of Civil Procedure, appear that the same was made after final judgment rendered in the case wherein allowance of costs is sought. (*Crane* v. *Forth*, 95 Cal. 88 [30 Pac. 193]; *Empire Gold Min. Co.* v. *Bonanza etc. Min. Co.*, 67 Cal. 406 [7 Pac. 810].) As stated, the judgment of disbarment was, on appeal, reversed for insufficiency of the evidence to justify the findings implied therein. The effect of such reversal was to remand the case for a new trial. (*Ryan* v. *Tomlinson*, 39 Cal. 639; *Falkner* v. *Hendy*, 107 Cal. 49 [40 Pac. 21, 386].) By such action the parties, until a new trial was had or other disposition made of the case, were in precisely the same position as if a trial thereof had never been had. (*Sharp* v. *Miller*, 66 Cal. 98 [4 Pac. 1065].)

Hence, for the reason that at the time of the making of the order no final judgment had been rendered in the case, the order is not appealable. A review thereof can be had only upon an appeal from the judgment. (*Lasky* v. *Davis,* 33 Cal. 677; *Stevenson* v. *Smith,* 28 Cal. 105 [87 Am. Dec. 107]; *Empire Gold Min. Co.* v. *Bonanza etc. Min Co., supra.*"

It will be noticed that the court in the Kling case makes no reference to section 1034 of the Code of Civil Procedure, and it is highly probable that that section was not called to the attention of the court in that case. At all events, however, we cannot agree with the conclusion announced in said case. We have not been able to persuade ourselves that it harmonizes either with the language or the intent of section 1034 of the Code of Civil Procedure. [4] The proceeding for the taxing of costs involves a matter growing out of but collateral or ancillary to the particular judgment in the procurement of which in the action in which the judgment is rendered such costs are incurred. It is true that the costs incurred by reason of the action and the trial thereof may become a part of the judgment rendered therein, and in such case the matter of the taxing of the costs is reviewable on an appeal from such judgment, but this does not mean that it may not be reviewed on appeal from the order taxing or disallowing the costs. Conceivable contingencies preventing a review of such order on an appeal from the judgment might arise. For instance, it might happen that the court, either for proper or erroneous reasons, may refuse to entertain the application for the taxing of costs until after the appeal from the judgment has been taken, or circumstances might exist which would justify delay in determining the motion until after an appeal had been taken from the judgment. In either case, it could not reasonably be contended that an appeal from the order taxing such costs would not lie. The case of *Hennessy* v. *Superior Court, supra,* is very similar to the one first supposed, and, as stated above, the supreme court held that the order taxing or refusing to tax costs was appealable as a special order made after final judgment within the meaning and intent of section 963 of the Code of Civil Procedure. As pointed out, and as is obvious, the matter of taxing costs involves a proceeding ancillary to the particular judgment in the securing of which such costs have been incurred, and, while it is true

that costs allowed on appeal to the prevailing party on appeal are an essential part of the judgment on appeal, it certainly would not for a moment be supposed that, to obtain a review of the action of the court in taxing costs on appeal, an appeal from the judgment on appeal would lie. Nor would the order be reviewable upon an appeal from any judgment wh' 'ı might be rendered on a retrial of the case for the obvious reason that such costs would have no more relation to or connection with a judgment so obtained than they would have to a judgment rendered in an action between different parties or involving different issues. Besides, it might happen that plaintiff, on a retrial, would again obtain judgment against the defendants, and in such case, if the position of the movant were well founded, the party entitled to such costs would suffer a denial of the right to have the order reviewed at all. None of these obviously absurd propositions is made, even impliedly, by the learned counsel, nor are they suggested or hinted at in the Kling case, the opinion in which was written by a jurist of recognized ability. They are only suggested here to illustrate the proposition that an appeal from an order taxing costs on appeal and allowed by the appellate court would wholly be denied to an aggrieved party dissatisfied with the taxing of such costs, if it were necessary to hold that a judgment of the appellate court was not a final judgment within the meaning or intent of section 963 of the Code of Civil Procedure. But, after all, upon the code sections themselves may the determination of the controversy rest. [5] Section 963 does not expressly restrict its operation as to appeals from special orders after final judgments to those made after final judgments of the superior court. The language in that particular is general and reasonably applicable to any special order made after the rendition of any final judgment, and, as we have before suggested, and as is plainly true, a judgment by an appellate court in any case cannot be viewed as anything other than a final judgment. [6] It will be noted that section 1034 fixes the time from the date of the filing of the *remittitur* in the office of the clerk of the court below within which the prevailing party on appeal must file his memorandum of costs on appeal at thirty days, and provides that, after such costs are ascertained and determined or have been taxed, or the time for

taxing the same has expired, *execution may issue therefor as upon a judgment.* It further provides that the party dissatisfied with the costs claimed may move to have the same taxed in the same manner and within a like time after notice of filing of the bill of costs, "as prescribed in the preceding section" (1033) which applies to the matter of costs incurred in the trial of the action. There can be no doubt that the last-mentioned provisions of section 1034 themselves clearly indicate that it was the legislative intent that the party dissatisfied with such costs as taxed should be entitled to a remedy for a review of the order taxing the same as provided by section 963 of the Code of Civil Procedure.

The motion to dismiss is denied.

Finch, P. J., concurred.