[No. E047523. Fourth Dist., Div. Two. Mar. 24, 2011.]

KRIKORIAN PREMIERE THEATRES, LLC, Plaintiff and Respondent, v. WESTMINSTER CENTRAL, LLC, Defendant and Appellant.

[No. E049537. Fourth Dist., Div. Two. Mar. 24, 2011.]

KRIKORIAN PREMIERE THEATRES, LLC, Plaintiff and Appellant, v. WESTMINSTER CENTRAL, LLC, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II and III and appendix A.

Counsel

Paul, Hastings, Janofsky & Walker, Glenn D. Dassoff, Kimberly I. Kepler, Tina M. Ashtiani and Abigail W. Lloyd for Plaintiff and Respondent and for Plaintiff and Appellant.

Steptoe & Johnson, Michael F. Wright and Tamara McCrossen-Orr for Defendant and Appellant and for Defendant and Respondent.

## Opinion

**RICHLI, J.**—In a previous appeal by defendant Westminster Central, LLC (Westminster), we reversed a judgment for approximately $22 million in favor of plaintiff Krikorian Premiere Theatres, LLC (Krikorian). Although we affirmed the judgment with respect to Westminster's liability for breach of lease, we held that, under the lease's "sole remedy" clause, Krikorian's recovery was limited to the reimbursement of its architectural fees— estimated at the time as somewhere between $7,000 and $20,000. We also awarded Westminster costs on appeal.

On remand, Westminster claimed costs on appeal totaling almost $2.6 million. The trial court awarded most, but not all, of this amount; it granted Krikorian's motion to tax with respect to several claimed items (or subitems) of costs, including one for $944,263. Westminster appealed.

Meanwhile, Krikorian demanded $12,267.22 in architectural fees. Westminster promptly and happily paid, making a new trial unnecessary. The trial court entered a judgment that Krikorian "recover nothing" and that Westminster recover attorney fees. Krikorian appealed.

The only issue worthy of publication relates to the appealability of the order taxing costs. There is a split of authority with respect to whether such an order is appealable after a previous judgment has been reversed on appeal, but before a new judgment has been entered on remand. In the published portion of our opinion, we will hold that it is.

In the nonpublished portion of this opinion, we will hold that the trial court erred by taxing the $944,263 cost item. We will further hold that the trial court properly determined that Westminster was the prevailing party for purposes of attorney fees.

I

APPEALABILITY

In Westminster's appeal, it is challenging the order on the motion to tax costs, which was rendered after we reversed the original judgment but before the trial court had yet entered a new final judgment. Westminster filed a timely notice of appeal from the order; however, it did not appeal from the final judgment.

Westminster's opening brief duly included a statement of appealability. (See Cal. Rules of Court, rule 8.204(a)(2)(B).) In it, Westminster asserted that the order on the motion to tax costs was appealable as an order after judgment, citing Code of Civil Procedure section 904.1, subdivision (a)(2), *Monson v. Fischer* (1933) 219 Cal. 290 [26 P.2d 6], and *Markart v. Zeimer* (1925) 74 Cal.App. 152 [239 P. 856].

We discovered, however, that under *Barnes v. Litton Systems, Inc.* (1994) 28 Cal.App.4th 681 [33 Cal.Rptr.2d 562] the order would *not* be appealable. We asked the parties to submit supplemental briefs addressing this issue, and we have since considered them.

We believe that the only way to understand this issue is to start with a historical approach.

Code of Civil Procedure former section 963 (former section 963) was originally enacted in 1872. The relevant language was first enacted in 1880; it provided:

"An appeal may be taken . . . from a Superior Court . . . in the following cases:

"1. From a final judgment entered in an action . . . commenced in a Superior Court . . . .

"2. . . . [F]rom any special order made after final judgment . . . ." (Code Am. 1880, ch. 33, § 1, p. 14.)

This language remained unchanged (except as to capitalization and elisions) as long as the statute was in effect. (Stats. 1889, ch. 213, p. 324; Stats. 1897, ch. 151, § 1, p. 209; Stats. 1899, ch. 9, § 2, p. 8; Stats. 1901, ch. 69, § 1, p. 85; Stats. 1915, ch. 116, § 1, p. 209; Stats. 1917, ch. 505, § 1, p. 624; Stats. 1923, ch. 366, § 2, p. 750; Stats. 1931, ch. 922, § 1, p. 1924; Stats. 1933, ch. 937, § 1, p. 2472; Stats. 1945, ch. 239, § 1, p. 704; Stats. 1951, ch. 234, § 1, p. 497; Stats. 1961, ch. 1059, § 2, p. 2748.)

The first case to address specifically the appealability of an order taxing costs on appeal was *In re Kling* (1920) 48 Cal.App. 739 [192 P. 453]. There, after the original judgment was reversed on appeal, the successful appellant filed a bill of costs, including both costs at trial and costs on appeal. The trial court granted the respondent's motion to tax costs, and the appellant appealed again from that order. (*Id.* at p. 740.)

The appellate court dismissed the appeal. It explained that because "no final judgment had been rendered in the case, the order is not appealable. A review thereof can be had only upon an appeal from the judgment. [Citations.]" (*In re Kling, supra,* 48 Cal.App. at p. 741.) It added: "There is no merit in appellant's contention that the order of this court reversing the judgment from which the appeal was taken must be deemed a final disposition of the case without further action on the part of the trial court. By virtue of the reversal the case was remanded to the trial court for further action and disposition." (*Ibid.*)

In 1925, however, the next case down the pike rejected *Kling*. In *Markart v. Zeimer, supra,* 74 Cal.App. 152, similarly, the original judgment was reversed on appeal, and the matter was remanded for a new trial. The appellants sought their costs on appeal by filing a memorandum of costs, and the trial court denied the respondent's motion to strike the memorandum of costs. (*Id.* at p. 154.) The erstwhile respondent appealed.

The court held that the order was immediately appealable as an order made after final judgment within the meaning of former section 963. Contrary to *Kling*, it held that *its own judgment* was the relevant final judgment: "It is not contended that the judgment of a court of review affirming, reversing or modifying a judgment on appeal from a judgment of the superior court is not a final judgment. Indeed, no such contention or claim could logically be urged . . . ." (*Markart v. Zeimer, supra*, 74 Cal.App. at p. 155.) "Section 963 does not expressly restrict its operation as to appeals from special orders after final judgments to those made after final judgments of the superior court. The language in that particular is general and reasonably applicable to any special order made after the rendition of any final judgment, and . . . a judgment by an appellate court in any case cannot be viewed as anything other than a final judgment." (*Id.* at p. 158.)

It also explained: "[T]he matter of taxing costs involves a proceeding ancillary to the particular judgment in the securing of which such costs have been incurred . . . . [T]he order [would not] be reviewable upon an appeal from any judgment which might be rendered on a retrial of the case for the obvious reason that such costs would have no more relation to or connection with a judgment so obtained than they would have to a judgment rendered in an action between different parties or involving different issues. Besides, it might happen that plaintiff, on a retrial, would again obtain judgment against the defendants, and in such case, if the position of the movant were well founded, the party entitled to such costs would suffer a denial of the right to have the order reviewed at all." (*Markart v. Zeimer, supra*, 74 Cal.App. at pp. 157–158.)

Finally, it noted that costs on appeal had to be claimed within 30 days after issuance of the remittitur and that, once costs were taxed (or once the time to file a motion to tax costs expired), the award of costs was immediately enforceable by execution.[1] (*Markart v. Zeimer, supra*, 74 Cal.App. at pp. 155, 158–159, citing Code Civ. Proc., former § 1034.) It concluded that "it was the legislative intent that the party dissatisfied with such costs as taxed should be entitled to a remedy for a review of the order taxing the same as provided by section 963 of the Code of Civil Procedure." (*Markart*, at p. 159.)

■ In 1933, the Supreme Court seemingly settled the issue in *Monson v. Fischer, supra*, 219 Cal. 290. Once again, the original judgment was reversed on appeal, reopening the matter for a new trial. The appellant sought costs on appeal by filing a memorandum of costs; the trial court denied the respondents' motion to tax costs. The former respondents then appealed. (*Id.* at p. 291.) The Supreme Court simply cited *Markart* and declared: "An order

---

[1] This is still the law, except that the deadline for claiming costs is now 40 days after issuance of the remittitur. (Cal. Rules of Court, rule 8.278(c).)

taxing costs on appeal is a special order made after final judgment within the meaning of section 963 of the Code of Civil Procedure and is appealable [citation]." (*Monson*, at p. 291.)

And there the matter rested for over 60 years.

In the meantime, however, there were three relevant developments. First, in *Sjoberg v. Hastorf* (1948) 33 Cal.2d 116 [199 P.2d 668], the Supreme Court enunciated the collateral order doctrine. Previously, it had held particular collateral orders to be appealable. (E.g., *Grant v. Los Angeles & P. R. Co.* (1897) 116 Cal. 71, 72 [47 P. 872] [order that receiver be paid out of fund in receiver's hands]; *Sharon v. Sharon* (1885) 67 Cal. 185, 195–199 [7 P. 456] [order for payment of alimony and attorney fees].) In *Sjoberg*, however, the court announced as a "general rule[]" that an otherwise interlocutory order is appealable "if the order is a final judgment against a party in a collateral proceeding growing out of the action. [Citations.]" (*Sjoberg*, at p. 119.) It cautioned, however, "It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him. [Citations.]" (*Ibid.*)

Next, in 1968, the Legislature repealed former section 963 and replaced it with Code of Civil Procedure current section 904.1 (section 904.1), which, as relevant here, provides:

"An appeal . . . may be taken from any of the following:

"(1) From a judgment, except . . . an interlocutory judgment . . . .

"(2) From an order made after a judgment made appealable by paragraph (1)." (§ 904.1, subd. (a).)

Third, in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644 [25 Cal.Rptr.2d 109, 863 P.2d 179], the Supreme Court held that, to be appealable as an order after judgment within the meaning of section 904.1, subdivision (a)(2), a postjudgment order must be one that "is not preliminary to future proceedings and will not become subject to appeal after a future judgment." (*Lakin*, at p. 654; see also *id.* at pp. 652, 656.)

Which brings us to 1994 and *Barnes v. Litton Systems, Inc., supra,* 28 Cal.App.4th 681. There, just as in *Monson* and *Markart*, the original judgment was reversed, and the matter was remanded for a new trial. The successful appellant sought costs on appeal by filing a memorandum of costs.

The trial court granted the respondent's motion to tax costs, in part, and the appellant appealed again from that order. (*Barnes*, at p. 682.)

The appellate court raised the issue, sua sponte, of whether the order taxing costs was appealable as an order after a final judgment. (*Barnes v. Litton Systems, Inc.*, *supra*, 28 Cal.App.4th at p. 682.) It held that it was not, for two reasons. (*Id.* at pp. 682–685.) First, the original judgment had been reversed (*id.* at pp. 683–684): "The procedural posture of the case is one in which no judgment has been entered" (*id.* at p. 684, fn. omitted). Second, under *Lakin*, the order taxing costs was "not sufficiently final . . . ." (*Barnes*, at p. 685.) "[T]he case is presently awaiting trial. The order taxing costs is therefore one which is 'preliminary to a later proceeding[]' . . . . After a judgment is entered, [the appellant] may appeal . . . from the interlocutory determination . . . taxing costs. [Citation.]" (*Ibid.*, fn. omitted.)

In a footnote, the court also held that the order taxing costs was not appealable under the collateral order doctrine: "The collateral order doctrine only applies to orders to pay money. [Citation.] The amount remaining due by defendant after the order partially taxing the sums sought in the postappeal cost memorandum is immediately collectible by plaintiff. [Citation.] Plaintiff's contention is he is entitled to more money; that is not an order to pay money which could be appealable pursuant to. the collateral order doctrine." (*Barnes v. Litton Systems, Inc.*, *supra*, 28 Cal.App.4th at p. 685, fn. 4.)

*Barnes* did not cite or discuss either *Monson* or *Markart*; a fortiori, it did not explain why it was not following them.

Krikorian argues that *Monson* and *Markart* are outdated because they relied on former section .963, whereas *Barnes* relied on section 904.1. However, while the language of the two statutes is admittedly not identical, Krikorian does not explain how the change in language requires a different result. It does not appear that the Legislature intended to make any substantive change in the law. (See *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 369 [134 Cal.Rptr. 197, 556 P.2d 297] ["[w]hen the Legislature enacted . . . section 904.1, it utilized language virtually identical to former section 963 . . ."]; see also *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [63 Cal.Rptr.2d 74, 935 P.2d 781] [although § 904.1, subd. (a)(1) omits the word "final" that was used in former § 963, subd. 1, "[t]he meaning is the same"]; *City and County of San Francisco v. Shers* (1995) 38 Cal.App.4th 1831, 1837, fn. 5 [46 Cal.Rptr.2d 57] [although § 904.1, subd. (a)(2) omits the "special order terminology" that was used in former § 963, subd. 2, this "does not substantively change the statutory scheme"].) Rather, "the apparent

primary purpose of the 1968 changes was to subdivide the cumbersome language of former section 963." (*Shers*, at p. 1837, fn. 5.)

It could be argued that *Lakin* implicitly overruled *Monson*. Certainly *Barnes* relied on *Lakin*. We believe, however, that in doing so, *Barnes* overlooked the unique nature of an award of costs *on appeal*. As *Markart* held, in this context, the relevant final judgment is the judgment of the *Court of Appeal*. (*Markart v. Zeimer, supra*, 74 Cal.App. at p. 155.) The Court of Appeal identifies the party entitled to costs. Any subsequent proceedings in the trial court to fix the amount of the fees are essentially postjudgment proceedings *in the appeal*.

■ Moreover, the award of costs is immediately enforceable. Indeed, as Witkin states: " 'It is a complete judgment in itself that finds its origin in the order of an appellate or the Supreme Court affirming or reversing a judgment of a lower court. The right to such judgment comes into being when the order of the reviewing court becomes final. The judgment itself is created when the successful party files his cost bill and his costs are taxed.' [Citations.]" (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 978, p. 1026.) It cannot be affected by any further proceedings in the trial court. And there may never *be* any further proceedings in the appellate court. Thus, it is not preliminary to further proceedings within the meaning of *Lakin*. We therefore conclude that *Monson* is still good law.

Separately and alternatively, however, even assuming an order taxing costs is no longer appealable as an order after judgment, we believe it is appealable under the collateral order doctrine. Even though the collateral order doctrine, as such, did not exist when *Markart* was decided, *Markart* used strikingly similar reasoning. For example, it noted that an order taxing costs on appeal is "ancillary," unrelated to the eventual judgment on the merits, and effectively final with respect to the ancillary issue. (*Markart v. Zeimer, supra*, 74 Cal.App. at p. 157.) It also noted that the order is immediately enforceable. (*Id.* at p. 159.) And it expressed concern that the order might escape review entirely. (*Id.* at pp. 157–158.)

■ An order on a motion to tax costs on appeal would seem to qualify for appeal under the collateral order doctrine. The appellate court has already determined which party is entitled to costs on appeal; the trial court need only determine the appropriate amount of such costs. Both issues can be decided independently from any other issues in the action. Thus, the order is final with respect to the issue of costs on appeal.

*Barnes* held that the collateral order doctrine does not apply because an order taxing costs is not an order for the payment of money.[2] We respectfully disagree. There is no meaningful distinction between an order *awarding* costs and an order *denying* a motion to *tax* costs. The effect of an order denying a motion to tax costs, in whole or in part, is that the moving party must pay the costs allowed. Moreover, the award of costs is immediately enforceable "as a money judgment." (Cal. Rules of Court, rule 8.278(c)(3).) The *Barnes* court was swayed by the fact that, in the case before it, as here, the party entitled to costs was appealing on the ground that it was not awarded *enough* money. The particular challenge to the order that happens to be raised on appeal, however, is a different matter from the nature of the order itself.[3]

We can perceive only one possible argument to the contrary. The California Supreme Court has stated that, for a collateral order to be appealable, "it must direct the payment of money *by appellant* or the performance of an act by or against him. [Citations.]" (*Sjoberg v. Hastorf, supra,* 33 Cal.2d at p. 119, italics added.) Here, the order on the motion to tax costs effectively directed the payment of money by *Krikorian,* the *respondent.* It did not direct *Westminster* to pay anything.

In *Sjoberg,* however, the relevant order denied a motion to compel arbitration. (*Sjoberg v. Hastorf, supra,* 33 Cal.2d at p. 117.) The court held that this did not require the payment of money or the performance of an act *at all.* (*Id.* at p. 119.) Thus, the court's statement that to be appealable a collateral order must direct the payment of money *by appellant* was dictum.

■　Ordinarily, even "dicta from the Supreme Court [are] to be carefully considered." (*State of California v. Superior Court* (2000) 78 Cal.App.4th 1019, 1029, fn. 13 [93 Cal.Rptr.2d 276] [Fourth Dist., Div. Two].) In this instance, however, the dictum in *Sjoberg* conflicts with the Supreme Court's actual holding in a later case, *In re Marriage of Skelley, supra,* 18 Cal.3d 365. There, in a dissolution of marriage proceeding, the trial court entered an interlocutory order reducing the wife's temporary spousal support from $1,000 a month to $750 a month and refusing to award the wife attorney fees. (*Id.* at p. 367.) The court held that, under the collateral order doctrine, the *wife* could appeal. (*Id.* at pp. 368–370.)　■　It stated: "When a court renders an interlocutory order collateral to the main issue, dispositive of the

---

[2] There is a split of authority with respect to whether the collateral order doctrine actually *is* limited to orders that direct the payment of money or the performance of an act. (See generally Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2010) ¶¶ 2:76 to 2:80.1, pp. 2-44 to 2-49 (rev. # 1, 2010).) We may assume, without deciding, that it is.

[3] We need not decide whether an order taxing all costs, and thus awarding zero, would be immediately appealable.

rights of the parties in relation to the collateral matter, and *directing payment of money* or performance of an act, direct appeal may be taken. [Citations.]" (*Id.* at p. 368, italics added.) Thus, it did not require that the money be paid by the appellant.

The *Skelley* court also relied on the fact that appeals from temporary support orders "have long been authorized." (*In re Marriage of Skelley, supra,* 18 Cal.3d at p. 367.) "Historically, this court . . . has held temporary support orders directly appealable. [Citations.]" (*Id.* at p. 368.) "When the Legislature enacted Code of Civil Procedure section 904.1, it utilized language virtually identical to former section 963, reflecting approval of th[is] rule." (*Id.* at p. 369.) It concluded: "90 years of judicial approval and recent legislative affirmation tell us judicial economy cannot be invoked to outweigh the right of appeal for those subject to an order tantamount to a final judgment." (*Id.* at p. 370.)

Here, as in *Skelley*, the order appealed from required respondent to pay money to appellant; appellant was aggrieved only because the order did not require the payment of as much money as appellant was seeking. Also, much as in *Skelley*, there is a long historical tradition, dating back to 1925, that an order taxing costs on appeal is appealable, even when the case is awaiting a new trial. If this rule resulted in piecemeal appeals or had other undesirable consequences, surely someone would have pointed that out along the way. Instead, this settled rule apparently was working so well that the issue was not raised again until 1994; even then, it was raised by the court, not by the parties, and the court did not claim that a rule of allowing an appeal would pose any practical problems.

■ In sum, then, we conclude that an order denying a motion to tax costs on appeal, in whole or in part, is immediately appealable, as an order after judgment and/or under the collateral order doctrine, even when there will be a new trial.[4]

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[4] Of course, if the original judgment has been *affirmed*, so there will be no new trial, then an order taxing costs on appeal is appealable as an order after judgment. (*Citizens Against Rent Control v. City of Berkeley* (1986) 181 Cal.App.3d 213, 223 [226 Cal.Rptr. 265].)

*See footnote, *ante*, page 1075.

## IV

## DISPOSITION

The order on Krikorian's motion to tax costs is modified so as to award Westminster the $944,263 amount that was previously denied. As so modified, the order is affirmed. The judgment, including the award of attorney fees, is also affirmed. In the interest of justice, each side shall bear its own costs on appeal.

McKinster, Acting P. J., and Miller, J., concurred.

## APPENDIX A[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

On April 8, 2011, the opinion was modified to read as printed above.

---

[*]See footnote, *ante*, page 1075.