Filed 5/28/13  Weissman Wolff et al. v. Singh CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JASBIR SINGH, <br><br> Defendant and Appellant. | B240550 <br><br> (Los Angeles County <br> Super. Ct. No. SS019241) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John H. Reid, Judge.  Dismissed.

Roger A.S. Manlin for Defendant and Appellant.

Law Offices of Steven Glaser and Steven Glaser for Plaintiff and Respondent.

_____

In a prior appeal this court reversed a judgment confirming the arbitration award for legal fees and costs in favor of Weissmann Wolff Bergman Coleman Grodin & Evall LLP (Weissmann firm) against Jasbir Singh, its former client, and remanded the matter with directions to deny the petition to confirm the award, grant Singh's petition to vacate the award and "conduct further proceedings not inconsistent with this opinion, including, if appropriate, an order requiring binding arbitration before either a new or the original arbitrator." (*Weissmann Wolff Bergman Coleman Grodin & Evall LLP v. Singh* (Aug. 23, 2011, B225813) [nonpub. opn.] (*Singh I.*) On remand Singh moved for an award of attorney fees incurred in the original arbitration and the post-arbitration petition proceedings. The court granted the motion in part, awarding Singh $27,000 in fees in connection with the petition proceedings in the superior court, and denied it in part, including Singh's request for $70,181.25 in fees incurred in the prior appeal.

In this appeal Singh contends, as the prevailing party in the post-arbitration judicial proceedings, he was entitled to attorney fees incurred in his successful appeal notwithstanding our order that "[e]ach party is to bear his or its own costs on appeal." The Weissmann firm, on the other hand, argues no award of attorney fees is appropriate at this point in the proceedings because, as we had invited, the superior court on remand ordered a new arbitration of the underlying fee dispute. In addition, the Weissmann firm has moved to dismiss the appeal, arguing the March 1, 2012 order granting in part and denying in part Singh's motion for attorney fees is not an appealable order.[1] We agree and dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Fee Dispute and the Initial Arbitration Proceedings*

Singh initially contacted the Weissmann firm in July 2005 in connection with a real property dispute between Singh and other members of a limited liability company. A

---

[1] Because the issue of appealability is so closely related to the question whether any award of attorney fees is appropriate at this point in the proceedings, we deferred ruling on the motion to dismiss until completion of briefing on the merits.

2

week after he first met with a firm partner and discussed, among other things, the terms of the representation, Singh received a written retainer agreement, which included a provision for final, binding arbitration "before the Arbitration Committee of the Los Angeles County Bar Association pursuant to the Rules of Conduct of Arbitration of Fee Disputes and Other Related Matters." The engagement letter also had an attorney fee provision. Singh signed the agreement and gave the firm a $15,000 retainer check.

The Weissmann firm filed a superior court action on behalf of Singh and represented him in the litigation for approximately 11 months. In June 2006, following disagreements between Singh and the firm, the Weissmann firm ceased its representation and a substitution of attorney form was filed with the court.

Singh had paid substantially all of the firm's legal fees as billed for the first 10 months of its representation (approximately $142,000). The Weissmann firm ultimately claimed a total due of $138,558.95 for unpaid legal services and costs (through July 6, 2005). For his part, Singh challenged the quality of, and necessity for, much of the work done by the Weissmann firm and alleged the firm had committed legal malpractice and breached fiduciary duties owed to him.

After providing Singh with a form properly advising him of his right to nonbinding arbitration of the fee dispute under the Mandatory Fee Arbitration Act (MFAA) (Bus. & Prof. Code, § 6200 et seq.), to which Singh did not respond, the Weissmann firm initiated arbitration proceedings with Dispute Resolution Services, Inc. (DRS)[2] of the Los Angeles County Bar Association. The matter proceeded as a binding arbitration although Singh, through counsel, objected and insisted under DRS rules it must be nonbinding unless the parties agreed to binding arbitration after the dispute had arisen.

After a three-day evidentiary hearing the arbitrator issued a statement of decision and award in favor of the Weissmann firm, finding the services it had provided "were for the most part consistent with the fee agreement and were reasonably necessary" and the

---

[2]     DRS has been renamed the Center for Civic Mediation.

fees charged "were for the most part reasonable and necessary for the work and labor required and performed." The arbitrator also found the amount of fees and costs to which the firm was entitled was not affected by any of the claims for offset asserted by Singh. He awarded the firm a total sum of $130,145.20.

Following the arbitrator's decision the Weissmann firm filed a petition in superior court to confirm the arbitration award. In response Singh filed a petition to vacate the arbitration award and an opposition to the petition to confirm. The court granted the Weissmann firm's petition and entered an order confirming the arbitration award. Singh's petition to vacate was denied. Judgment was entered in favor of the Weissmann firm.

2. *The Decision in Singh I*

On August 23, 2011 this court reversed the judgment confirming the arbitration award. (*Singh I, supra,* B225813.) We rejected several of Singh's arguments challenging the enforceability of the arbitration agreement. Nonetheless, we agreed the provision was unenforceable as written: "As drafted, the arbitration provision in the Weissmann firm's retainer agreement mandates 'binding' arbitration 'pursuant to' the DRS Arbitration Rules. However, those rules, expressly incorporated into the parties' agreement, do not permit a law firm to require a client to submit to binding arbitration to resolve a fee dispute before the dispute arises." We explained Singh and the Weissmann firm could have agreed in advance to binding arbitration of fee disputes under the California Arbitration Act (CAA) (Code Civ. Proc., § 1280 et seq.),[3] which would then have been enforceable whether or not Singh requested and received nonbinding arbitration under the MFAA. (See *Aguilar v. Lerner* (2004) 32 Cal.4th 974, 983-984; *Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557, 564-565.) But that was not what occurred. Accordingly, we held the arbitrator had necessarily exceeded his powers and the award must be vacated.

---

[3] Statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

Significantly for present purposes, we also held the unlawful provision of the arbitration clause—the requirement the parties use DRS rules for their binding arbitration—could be severed and the remainder of the agreement to arbitrate enforced: "As discussed, a predispute agreement for binding arbitration of any future fee disagreement is enforceable under the CAA. That object is distinct from that of the provision in the Weissmann firm's retainer agreement submitting such a dispute to the arbitration process prescribed by the DRS Arbitration Rules, which is invalid." Accordingly, although we reversed the judgment confirming the arbitration award and directed the superior court on remand to grant the petition to vacate the award pursuant to section 1286.2, subdivision (a)(4), we also urged the superior court to order a rehearing under the CAA: "Code of Civil Procedure section 1287 provides, if the arbitration award is vacated, the court may order a rehearing before a new [arbitrator] or, if vacated because the arbitrators exceeded their powers, a rehearing before the original arbitrators with the consent of the parties to the court proceeding. Under the circumstances here, it appears appropriate on remand for the court to sever the unlawful provision requiring binding arbitration under the DRS Arbitration rules and to order a rehearing under the CAA." Because of the mixed outcome—the judgment was reversed but Singh's objections to the fundamental enforceability of the arbitration agreement were rejected— we ordered that "[e]ach party is to bear his or its own costs on appeal."

3. *Proceedings on Remand*

Although the superior court had not yet regained jurisdiction over the matter, on September 8, 2011, based on our decision reversing the judgment, Singh prematurely filed a section 170.6 affidavit of prejudice challenging Judge Lisa Hart Cole, who had previously heard the matter. Our remittitur issued on October 25, 2011 and was received by the superior court on November 1, 2011. Accordingly, as we had instructed, on November 1, 2011, without the parties or counsel present, Judge Cole first vacated the court's judgment entered on June 23, 2010, as well as its order granting the petition to confirm arbitration award and denying petition to vacate arbitration award and entered a

5

new order denying the petition to confirm and granting the petition to vacate the arbitration award. The court then accepted the premature peremptory challenge and, pursuant to the order of the master calendar court for the West District, reassigned the case for all purposes to Judge John H. Reid.

On November 29, 2011 Singh moved for an award of attorney fees and costs as the prevailing party under Civil Code section 1717 and the provisions of the parties' retainer agreement with respect to the Weissmann firm's petition to confirm the arbitration award, Singh's cross-petition to vacate the arbitration award, related litigation by the Weissmann firm to enforce the judgment, the underlying arbitration proceeding and the appeal from the judgment confirming the arbitration award. The hearing on the motion was scheduled for March 1, 2012.

On December 14, 2011, after obtaining an ex parte order to set an early hearing date, the Weissmann firm moved to compel arbitration pursuant to the agreement for binding arbitration in the parties' retainer agreement, severing from that agreement the invalid provision specifying the use of DRS arbitration rules. In support of its motion the firm quoted our explanation that, pursuant to section 1287, the superior court may order a rehearing before new arbitrators if an award is vacated and emphasized our statement that, "[u]nder the circumstances here, it appears appropriate on remand for the court to sever the unlawful provision requiring binding arbitration under the DRS Arbitration rules and to order a rehearing under the CAA." The Weissmann firm argued, "This motion asks the Court to do exactly what the appellate court has deemed the appropriate course on remand." Hearing on this motion was scheduled for February 9, 2012.

Singh opposed the motion to compel arbitration, arguing the Weissmann firm had waived the right to compel arbitration; if the arbitration proceeded, there was the possibility of conflicting rulings in a related case filed by the Weissmann firm; and there existed other claims at issue that could not be arbitrated. After hearing the matter the court rejected all of Singh's grounds for opposing arbitration, severed the provision we had found to be unenforceable (the reference to DRS arbitration rules) and ordered the

6

case to proceed to binding arbitration pursuant to the remaining portions of the arbitration clause in the parties' retainer agreement. In its minute order the court expressly noted that this court had held "the trial court may order a rehearing pursuant to CCP section 1287."[4]

On March 1, 2012, after receiving opposition and reply memoranda and hearing argument, the court granted in part and denied in part Singh's motion for fees and costs. The court awarded Singh $27,000[5] in attorney fees as the prevailing party in the post-arbitration petition proceedings in the superior court, citing this court's decision in *Marcus & Millichap Real Estate Investment Brokerage Co. v. Woodman Investment Group* (2005) 129 Cal.App.4th 508 (*Marcus & Millichap*) to support its ruling the post-arbitration petition proceedings were final and an award of fees appropriate at that time under Code of Civil Procedure section 1293.2[6] and Civil Code section 1717. However, the court denied the request for $70,181.25 in fees incurred in the prior appeal, which reversed the judgment confirming the arbitration award, because our opinion "clearly state[d] that each side is to bear its own costs," indicating that costs, which may include attorney fees in appropriate circumstances, could not be awarded to Singh.

The court also denied Singh's request for fees in the underlying arbitration proceedings because such an award is a matter for the arbitrator, not the court, and, in any event, the matter had been ordered back for another arbitration so there was not yet a prevailing party. Finally, the court denied Singh's request for fees in connection with the

---

[4] Singh subsequently moved for reconsideration of the court's February 9, 2012 order compelling arbitration. That motion was denied in May 2012.

[5] Singh had requested an award of $65,768.48 in connection with the superior court proceedings: $475 per hour for 134 hours of attorney time, plus a small additional sum. The court's award was based on a determination $300 per hour for 90 hours of attorney time was reasonable.

[6] Code of Civil Procedure section 1293.2 provides, "The court shall award costs upon any judicial proceeding under this title [governing arbitration] as provided in Chapter 6 (commencing with Section 1021) . . . of this code."

related fraudulent transfer matter, which was still ongoing. The court explained there was no basis to award Singh fees in that action.

Singh filed a timely notice of appeal, limited to the portion of the March 1, 2012 order denying his request for attorney fees in connection with the prior appeal. The Weissmann firm did not appeal from the order awarding fees to Singh for the post-arbitration proceedings in the superior court.

## DISCUSSION

1. *Standards Governing Appealability*

The existence of an appealable order or judgment is a jurisdictional prerequisite for an appeal. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 21; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; see *Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 801 (*Otay River*); *Harrington-Wisely v. State of California* (2007) 156 Cal.App.4th 1488, 1494.) A trial court's order is generally appealable only when made so by statute. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; *Doe v. Luster* (2006) 145 Cal.App.4th 139, 145.)[7]

---

[7]  The collateral order doctrine is an exception to this general rule, as well as to the one final judgment rule codified in section 904.1. (See *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 781.) Under that doctrine an appeal may be taken from an order that finally determines some distinct issue in the case and directs the payment of money by appellant or the performance of an act by or against appellant. (*Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119; see *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 ["[w]hen a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken"]; *Krikorian Premiere Theatres, LLC v. Westminister Central, LLC* (2011) 193 Cal.App.4th 1075, 1078.) The collateral order doctrine has been applied to permit an appeal from an order awarding attorney fees and costs, for example, after issuance of a nonappealable order compelling arbitration (see *Lachkar v. Lachkar* (1986) 182 Cal.App.3d 641, 645) and in connection with an order granting a special motion to strike pursuant to section 425.16. (See *City of Colton*, at pp. 781-782.) Here, however, the order appealed from does not direct Singh to pay money, perform an act or have one performed against him; and Singh does not seek to invoke the collateral order doctrine in either the statement of

8

Section 904.1, subdivision (a)(2), provides an appeal may be taken from an order made after a judgment that is appealable under section 904.1, subdivision (a)(1)—that is, any final judgment other than in a limited civil case or a judgment of contempt made final by section 1222. Similarly, section 1294, subdivision (e), provides in connection with judicial proceedings involving arbitrations, an aggrieved party may appeal from "[a] special order after final judgment."[8] In *Otay River*, *supra*, 158 Cal.App.4th 796, the court, relying on section 1294, subdivision (e), held an appeal was proper from an order denying a motion for an award of attorney fees and costs after the denial of a petition to compel arbitration, reasoning the order denying the petition to compel "was essentially a judgment on the only issue before the trial court . . . ." (*Otay River*, at p. 801; see *id.* at p. 803 ["an order denying arbitration is final and appealable even though more litigation is contemplated in a separate action"].) The court further explained, "[W]here, as here the trial court enters an order in an arbitration proceeding *resolving the only issue before the court in that proceeding*, the order is essentially a judgment and a party can properly appeal from a subsequent order granting or denying a request for an award of attorney fees under subdivision (e) of section 1294." (*Id.* at p. 805.)

The appealability of the March 1, 2012 order denying in part Singh's motion for attorney fees, therefore, depends on whether it followed an order that was essentially a final judgment. (See *Fleur du Lac Estates Assn. v. Mansouri* (2012) 205 Cal.App.4th 249, 257 [order denying award of attorney fees and costs is not appealable as a special order after final judgment under § 1294, subd. (e), when made after an order denying a petition to compel arbitration that was not the equivalent of the final judgment in the proceeding].) It did not.

_____

appealability in his opening brief (see Cal. Rules of Court, rule 8.204(a)(2)(B)) or his opposition to the Weissmann firm's motion to dismiss the appeal.

[8] Section 577 provides, "A judgment is the final determination of the rights of the parties in an action or proceeding." Section 1064 provides, "A judgment in a special proceeding is the final determination of the rights of the parties therein. . . ."

2. *The Superior Court Orders on Remand Are Not Final and Appealable*

Section 1294 identifies the arbitration-related orders that are appealable and thus effectively defines which arbitration orders are final. "Under section 1294, appealable arbitration orders . . . require finality and this requirement is consistent with the language of section 1294 and the general prohibition of appeals from interlocutory nonfinal judgments in section 904.1, subdivision (a)." (*Otay River, supra*, 158 Cal.App.4th at p. 803; accord, *Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 442 ["[u]nder section 1294, appealable arbitration orders require finality"].)

Section 1294, subdivision (c), provides an aggrieved party may appeal from "[a]n order vacating an award unless a rehearing in arbitration is ordered." Plainly, if the superior court vacates an arbitration award, orders no further arbitration proceedings and then awards the prevailing party attorney fees and costs, the fee award is appealable under section 1294, subdivision (e), as a special order after final judgment. Just as plainly, if the superior court vacates the arbitration award and orders a rehearing of the arbitration proceedings before new arbitrators, as authorized by section 1287, that order is neither appealable nor final; and any subsequent interlocutory attorney fee award is likewise not appealable. The appealability of the superior court's March 1, 2012 attorney fee order now before us, accordingly, depends on whether the court's February 9, 2012 order for a renewed arbitration of the contract dispute between Singh and the Weissmann firm was an order for a "rehearing in arbitration" within the meaning of sections 1294, subdivision (e), and 1287. (See generally *Long Beach Iron Works, Inc. v. International Molders etc. of North America, Local 374* (1972) 26 Cal.App.3d 657, 659 ["It is quite obvious that the Legislature's philosophy and intent in drafting section 1294 was that there should be no appellate consideration of intermediate rulings in arbitration disputes if the superior court was of the view that there should be initial or further proceedings in arbitration. . . . [T]he Legislature expressly excepted orders vacating awards but

10

direct[ing] rehearings in arbitration from a roster of appealable rulings in section 1294."].)

In *Marcus & Millichap, supra,* 129 Cal.App.4th 508, we considered an order vacating an arbitration award without a concurrent order for further arbitration proceedings and concluded it was final notwithstanding a subsequent order by the superior court compelling a new arbitration. In concluding the order vacating the arbitration award in this case was substantially the same as the order in *Marcus & Millichap* and, therefore, final, the superior court misapprehended both our analysis in *Marcus & Millichap* and our opinion in *Singh I.*

Our holding in *Marcus & Millichap* was dependent on the unusual chronology of events in that case. In May 2002 Marcus & Millichap Real Estate Investment Brokerage Company filed a demand for arbitration with the American Arbitration Association (AAA) for payment of a commission pursuant to a listing agreement with Woodman Investment Group, LLC (Woodman). (See *Marcus & Millichap, supra,* 129 Cal.App.4th at p. 510.) In August 2003 the arbitrator issued an award in favor of Marcus & Millichap against Woodman and Eli Sasson, Woodman's managing partner. The arbitrator found Woodman liable on the parties' agreement and Sasson liable as Woodman's alter ego; Woodman's claims against Marcus & Millichap were denied. (*Id*. at p. 511.) Marcus & Millichap initiated a superior court action, petitioning for confirmation of the arbitration award pursuant to section 1288. Woodman and Sasson filed a response to the petition, as well as a petition to vacate the arbitration award on the ground Sasson was not a signatory to the parties' agreement, which included the agreement to arbitrate, and the arbitrator lacked jurisdiction over him. (*Marcus & Millichap*, at p. 511.)

On December 10, 2003 the superior court denied Marcus & Millichap's petition to confirm and granted Woodman and Sasson's cross-petition to vacate. As we expressly noted, "Marcus & Millichap did not request, and the court's order vacating the arbitration award did not include an order for rehearing the arbitration pursuant to section 1287." (*Marcus & Millichap, supra,* 129 Cal.App.4th at p. 511.) Woodman and Sasson

11

immediately moved for an award of attorney fees and costs pursuant to section 1293.2. (*Marcus & Millichap*, at p. 511.) Marcus & Millichap also promptly moved for a clarification of the order vacating the arbitration award, requesting the court confirm the award as to Woodman only. On March 29, 2004 the superior court denied Marcus & Millichap's motion for clarification and granted Woodman and Sasson's request for attorney fees and costs. On April 15, 2004 Marcus & Millichap filed a notice of appeal of the fee and costs award only. (*Ibid*.)

On the same day it filed its notice of appeal, Marcus & Millichap moved in the superior court for an order to compel arbitration against Sasson, who, as discussed, was not a party to the initial arbitration proceeding; the court granted that motion on May 27, 2004. (*Marcus & Millichap, supra,* 129 Cal.App.4th at p. 512.) With respect to Woodman, Marcus & Millichap did not ask for a court order compelling arbitration but rather filed a new demand for arbitration with the AAA. (*Ibid*.) Woodman and Sasson mounted several unsuccessful challenges to the renewal of arbitration proceedings. On March 24, 2005, more than 15 months after its initial order vacating the original arbitration award and in response to a further request for clarification by Marcus & Millichap, the superior court issued a minute order stating: "[T]he Court clarifies its December 10, 2003 order to reflect its intent that rehearing of the arbitration shall take place between all parties. . . . The Court intended a rehearing of the arbitration between all parties . . . . On three separate occasions, the Court has rejected [Woodman and Sasson's] argument that the lack of an order of rehearing bars any rehearing." (*Ibid*.)

In a split panel decision we concluded the May 27, 2004 order that Sasson arbitrate with Marcus & Millichap, even when coupled with the court's belated March 24, 2005 order of clarification entered while the case was pending on appeal, did not undermine the finality of the December 10, 2003 order vacating the original, joint award against Woodman and Sasson. We explained the superior court's rulings simply indicated its conclusion that the absence of an express order for rehearing did not necessarily bar an entirely new arbitration order—an issue not presented by Marcus &

12

Millichap's appeal and as to which we expressed no view. (See *Marcus & Millichap, supra,* 129 Cal.App.4th at pp. 514-515.) Indeed, we stated, "the trial court appears to have carefully worded its clarification to avoid suggesting it was attempting to correct nunc pro tunc its December 10, 2003 order to include an order for a rehearing." (*Id*. at p. 515.) Notably, one member of the panel dissented, believing the net effect of the various orders was the equivalent of an order for a rehearing notwithstanding the substantial period between the order vacating the award and ordering a new arbitration or the difference in parties named in the arbitration order. (See *id.* at p. 518 (dis. opn. of Woods, J.).)

The differences between the situation presented by *Marcus & Millichap* and the case at bar are stark. In *Marcus & Millichap* the order requiring a new arbitration was directed only to Sasson, who had not been a party to the original arbitration. Woodman's further participation in arbitration proceedings was pursuant to the direction of the AAA, as specified in the parties' contract, not a court order. Thus, the order granting the motion to compel Sasson to arbitrate the dispute was not for a "rehearing" in any commonsense meaning of that word. Moreover, the new arbitration order was not issued until after the appeal of the award of attorney fees was pending in this court. Here, in contrast, the order granting the petition to vacate the arbitration award was entered, not as an exercise of the discretion of the superior court, but at our direction following the reversal of the judgment confirming the award. In addition to that ministerial act, we directed the court to conduct further proceedings, specifically including consideration whether to require binding arbitration of the still-unresolved dispute between the same parties who had participated in the initial arbitration. The Weissmann firm filed its motion to compel further arbitration promptly after the transfer of the case to a new courtroom following Singh's recusal of Judge Cole. Until it ruled on that motion, the superior court had not resolved the issues before it in this proceeding; and the rights of the parties had not been finally determined. Once it granted that motion and ordered

13

Singh and the Weissmann firm to return to arbitration, albeit without the unenforceable requirement of utilizing DRS rules, its orders were not final or appealable.

Moreover, although we had no reason in *Singh I* to cite to *Marcus & Millichap*—the issues presented were quite different—the *Singh I* panel, which included both the author of the majority opinion and the dissenting justice from *Marcus & Millichap*, was certainly mindful of the power of the term "rehearing" as it applied to an order for further arbitration following an order vacating an arbitration award. It was not by happenstance that we cited to section 1287, authorizing a rehearing, and stated "it appears appropriate on remand for the court to sever the unlawful provision requiring binding arbitration under the DRS Arbitration rules and to order a *rehearing* under the CAA." (Italics added.) The Weissmann firm expressly asked the superior court "to do exactly what the appellate court has deemed the appropriate course on remand." And that is what the court did. Whether or not the word rehearing is actually used in the court's order, when an arbitration award is vacated and a new arbitration ordered as a consequence, those orders are not final or appealable. (Cf. *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 3 ["An order vacating an arbitration award is appealable only if it does not order a rehearing in arbitration. [Citation.] The superior court's order in the present case directed that a new arbitration proceeding be conducted, and thus was not appealable."].) [9]

---

[9] In concluding the March 1, 2012 order is not appealable and dismissing Singh's appeal, we necessarily do not reach the merits of the case, specifically whether any award of attorney fees was appropriate at this point in the proceedings (see *Marcus & Millichap*, *supra*, 129 Cal.App.4th at pp. 515-516; *Green v. Mt. Diablo Hospital Dist.* (1989) 207 Cal.App.3d 63, 76); whether in the context of this lawsuit there can be more than one prevailing party in a contract dispute for the purpose of an entitlement to attorney fees (compare, e.g., *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 531, 546, with, e.g., *Benjamin, Weill & Mazer v. Kors* (2011) 195 Cal.App.4th 40, 75-77); and whether our ruling in the prior appeal that each party shall bear its own costs precludes an award of attorney fees to the party who ultimately prevails in the matter. (See *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 925; *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1149.)

## DISPOSITION

The appeal is dismissed.  The Weissmann firm is to recover its costs on appeal.


PERLUSS, P. J.

We concur:



WOODS, J.



ZELON, J.