Filed 5/15/14  Young v. Tri-City Healthcare Dist. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JOHN YOUNG,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>TRI-CITY HEALTHCARE DISTRICT,<br><br>    Defendant and Respondent. | D063980<br><br><br><br>(Super. Ct. No. 37-2009-00099935-<br> CU-WM-NC) |


APPEAL from an order of the Superior Court of San Diego County, Timothy M. Casserly, Judge.  Affirmed.

Richard M. Wirtz for Plaintiff and Appellant.

Dicaro, Coppo & Popcke, Carlo Coppo, Michael R. Popcke and Shelley A. Carder for Defendant and Respondent.

This appeal of a trial court order denying a motion for attorney fees is related to a previous appeal in which plaintiff and appellant John Young, M.D., successfully challenged the trial court's decision to grant a special motion to strike his fifth cause of action.  (Code Civ. Proc., § 425.16, the anti-SLAPP statute; all statutory references are to

this code unless noted; see *Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 58-59 (*Young* or our prior appeal).) The operative pleading is Young's amended petition for a writ of administrative mandate that objected to several phases of the District's decision to terminate his medical staff privileges at its hospital. (§ 1094.5.)

In the published decision in the prior appeal, we reversed a trial court order that granted a special motion to strike brought by the board of directors of respondent Tri-City Healthcare District (the Board or the District). We determined that under the anti-SLAPP statutory scheme, the District was not entitled to an order striking Young's fifth cause of action for relief from the summary suspension of his privileges. For a number of reasons, we determined that his fifth cause of action did not "arise" from the District's acts in furtherance of its rights of petition or free speech in connection with peer review (a public issue), "but rather, the substance of that cause of action arises from the statutory provision giving a right to judicial review of a governmental decision, and the making of such a decision does not in itself amount to an exercise of free speech. [Citations.] The anti-SLAPP statutory protections do not clearly apply as a matter of law." (*Young*, *supra*, 210 Cal.App.4th at p. 42.)

On remand, Young brought a motion seeking an award of attorney fees, which was denied. Young contends that the order is properly appealable, and under the appropriate statutory standards, the trial court erred by finding the District's motion to strike was not frivolous in nature. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 [statutory policy of fee shifting in appropriate cases].) In pertinent part, section 425.16, subdivision (c)(1) allows or requires an award of costs and reasonable attorney fees to be

2

made in favor of a plaintiff that has prevailed against a defendant's special motion to strike, but only if the court finds that the motion was frivolous or solely intended to cause unnecessary delay, under the standards of section 128.5, subdivisions (a) and (b)(2) (penalizing such "bad-faith actions or tactics"). (*Chitsazzadeh v. Kramer & Kaslow* (2011) 199 Cal.App.4th 676, 683-684 (*Chitsazzadeh*).)

On the appealability issue, we will treat this order denying a fees request under section 425.16, subdivision (c) as a collateral matter that is properly appealable. (See *Krikorian Premiere Theatres, LLC v. Westminster Central, LLC* (2011) 193 Cal.App.4th 1075, 1081 (*Krikorian Premier Theatres*).)

On the merits, combined standards of review apply. On the issue of the objective merit or lack of merit of the District's underlying special motion to strike, de novo review is appropriate for those issues of law. (*San Ramon Valley Fire Protection Dist. v. Contra Costa County Employees' Retirement Assn.* (2004) 125 Cal.App.4th 343, 352 (*San Ramon*).) Regarding any alleged subjective motive for delay or harassment on the part of the District, we review the trial court's conclusions for abuse of discretion. (*Chitsazzadeh, supra,* 199 Cal.App.4th 676, 683-684.)

We conclude the trial court was justified in determining that no fees award was proper under the anti-SLAPP statutory scheme, because the District's motion was not objectively frivolous in nature under the applicable standards for evaluating its level of merit. Also, the trial court had an adequate basis in the record to conclude that the District was not subjectively pursuing bad faith actions or tactics by filing the special motion to strike. We affirm the order.

3

# I

## *BACKGROUND FACTS; PRIOR APPEAL*

In the prior appeal, we were presented with fairly complicated jurisdictional and legal issues, which included the interplay of section 916 (imposing stays during appeal) and the reconsideration and anti-SLAPP statutory schemes. (*Young, supra*, 210 Cal.App.4th at pp. 40-42.) We need not summarize all of the procedural concerns that were then before us, but some introduction is necessary here for describing the relevant holding on the anti-SLAPP issues.

In Young's amended petition for a writ of administrative mandate, he alleged seven causes of action to challenge both the March 29, 2009 final decision of termination (the "termination decision") and an earlier, "interlocked" December 18, 2008 summary suspension (the "summary suspension"). In Young's prior appeal, we considered whether "Young's petition for writ of administrative mandate to compel a hearing on his summary suspension 'arose out of' the District's protected free speech conduct in the hospital peer review context. [Citations.] In the context of a hospital staff physician's tort action for damages, the Supreme Court determined in *Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 196-197 (*Kibler*) that the anti-SLAPP procedure may properly be raised in defense by a hospital district, because those defamation and other allegations of injury arose directly out of protected peer review recommendations. [¶] [However,] [n]othing in the anti-SLAPP statute wholly exempts a writ petition against a public entity from its potential coverage of protected speech. (§§ 425.16, 1085, 1094.5; *San Ramon[, supra,]* 125 Cal.App.4th 343, 353.)" (*Young, supra*, 210 Cal.App.4th at

4

p. 42.)  In that de novo review, we concluded Young's fifth cause of action did not "arise" from the District's acts in furtherance of its rights of petition or free speech in connection with peer review (a public issue).  (*Ibid.*)  We accordingly reversed certain orders and reinstated others, resulting in a denial of the District's motion to strike and remand for appropriate further proceedings on the amended petition as a whole.  (*Ibid.*)

Upon remand, Young brought his motion for an attorney fee award, contending that under section 425.16, subdivision (c)(1), he was entitled to recover $84,899.50 in attorney fees and expenses, due to the District's meritless underlying special motion to strike.  Young contended that the special motion to strike qualified under the definitions of section 128.5, subdivision (b)(2) as " 'frivolous,' " or "(A) totally and completely without merit or (B) [brought] for the sole purpose of harassing an opposing party."

In opposition, the District contended its anti-SLAPP motion had arguable merit and denied that it had acted egregiously or frivolously in pursuing it.  Young replied that the District had not cited to any cases precisely on point, and thus no reasonable attorney could have believed that its anti-SLAPP motion had any merit in attacking his action for administrative writ of mandamus.

At the hearing on the motion for an award of fees, the trial court discussed with the parties whether the bringing of the anti-SLAPP motion had a chilling effect on Young's right to seek administrative mandamus review of his suspension and termination of privileges.  (*San Ramon, supra,* 125 Cal.App.4th 343, 357-358.)  The trial court observed that when the District filed the anti-SLAPP motion, "you had at least colorable cases that said they could file.  Again, no case directly on point that said they could, but

5

certainly no case directly on point that said they couldn't. . . . But, from the beginning, it is hard for me to say that it was frivolous in that circumstance." Based upon the facts and evidence provided and the applicable authorities, the court denied the request for attorney fees and costs. Young appeals.

II

*APPEALABILITY ISSUE*

The parties debate whether this order denying an attorney fees request under section 425.16, subdivision (c) is properly an appealable one, as collateral to an appealable order or judgment within the meaning of section 904.1, subdivision (a)(2).

"[T]o be appealable as an order after judgment within the meaning of section 904.1, subdivision (a)(2), a postjudgment order must be one that 'is not preliminary to future proceedings and will not become subject to appeal after a future judgment.' " (*Krikorian Premiere Theatres, supra,* 193 Cal.App.4th 1075, 1081, quoting *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 654.) In a footnote, the court in that case noted, "[t]here is a split of authority with respect to whether the collateral order doctrine actually is limited to orders that direct the payment of money or the performance of an act. [Citation.] We may assume, without deciding, that it is." (*Krikorian Premiere Theatres, supra,* at p. 1084, fn. 2; italics omitted.)

In *Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 904, the court summarized those interests served by the collateral order doctrine, in this manner: (1) "the expeditious completion of appellate review, when that can be accomplished without implicating the merits of the underlying controversy" ("it is

6

preferable to resolve controversies whenever it is possible to do so rather than defer a matter that is in all respects ripe for resolution") and (2) the preservation of "appellate review when, without the invocation of this doctrine, appellate review would be foreclosed."  (*Ibid.*)

Based on this type of important policy concern favoring the availability of appropriate appellate review, the better approach in this case is to accept there is a split of authority and to reach the merits of the appeal, which have been fully briefed.

III

*MERITS*

A.  Anti-SLAPP Statutory Standards for Fees Awards to Successful Opposing Plaintiff

When a plaintiff who defeated a special motion to strike seeks a statutory award of fees, an objective standard is utilized for evaluating whether that motion to strike was "totally and completely without merit for purposes of a finding of frivolousness under section 425.16, subdivision (c)(1) or section 128.5 . . . ."  (*Chitsazzadeh*, *supra*, 199 Cal.App.4th 676, 683-684.)  An award of attorney fees under those circumstances will be justified "only if any reasonable attorney would agree that the motion [was] totally devoid of merit."  (*Ibid.; Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199.)

Both objective and subjective standards must be considered, however.  "Whether the sole purpose of the motion is to harass an opposing party or the motion is solely intended to cause unnecessary delay, in contrast, concerns the subjective motivation of the moving defendant.  [Citation.]  The moving defendant's subjective motivation can be

7

inferred from the absence of any arguable merit. [Citation.]" (*Chitsazzadeh*, *supra*, 199 Cal.App.4th 676, 684.)

## B. Decision in Prior Opinion

Before applying the above standards, we outline the conclusions we reached in the prior opinion about the merits of the District's anti-SLAPP motion. We were initially required to resolve some threshold procedural questions to determine which decision was actually under review. That exercise stemmed from a confusing series of rulings by the trial court in the nature of reconsideration, dismissal and correction orders. We ultimately reversed its February 2011 order (granting the motion) and essentially reinstated its October order that had denied the District's anti-SLAPP motion to strike. (*Young, supra*, 210 Cal.App.4th at pp. 51-59.) Denial was the proper result. (*Id.* at pp. 58-59.)

However, the resolution of the anti-SLAPP arguments was not simple or obvious, because of the special nature of Young's mandamus pleading. In *Young*, *supra*, 210 Cal.App.4th 35, we summarized the statutory issues presented on the merits of the rulings concerning the special motion to strike, as follows:

> "[W]e consider [the order's] validity in the context of free speech and petitioning concerns arising from hospital peer review, as those concerns are addressed in the anti-SLAPP statutory scheme. [¶] In this factual and procedural context, the merits of any futility exception to the exhaustion of remedies doctrine of administrative law are also at stake, as asserted by Young in opposition to the motion to strike. The overall question is whether the allegations of his administrative mandamus petition, in the fifth cause of action seeking relief from the December 2008 summary suspension, fall within the scope of the anti-SLAPP statutory definitions. Did Young's court action for a writ of administrative mandate to compel

8

a hearing on the validity of his summary suspension necessarily 'arise out of' protected free speech conduct, in the hospital peer review context?" (*Young, supra*, 210 Cal.App.4th at pp. 53-54.)

On the anti-SLAPP issues, our prior opinion applied these tests:

"The principal thrust of the claim, in terms of any 'allegedly wrongful and injury-producing conduct . . . that provides the foundation for the claim,' will determine the applicability of the anti-SLAPP statutory scheme. [Citation.] If the core injury-producing conduct by the defendant that allegedly gave rise to the plaintiff's claim is properly described with only collateral or incidental allusions to protected activity, then the claim does not arise out of protected speech or petitioning activity. [Citation.] [¶] The resolution of these anti-SLAPP issues depends upon the initial definition in section 425.16, subdivision (b)(1), of the coverage of the statutory scheme, of any 'cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue [that] shall be subject to a special motion to strike . . . .' " (*Young, supra*, 210 Cal.App.4th at p. 55; italics omitted.)

In the context of hospital peer review proceedings, which may qualify as an "official proceeding" under anti-SLAPP definitions, we were nevertheless required in our prior opinion to "determine whether all of Young's fifth cause of action 'arose out of' the District's protected official activity. (§ 425.16, subd. (e)(1).) Young seeks relief in administrative mandamus against an allegedly wrongful [December 2008] summary suspension. Under section 1094.5, he has a right to seek such relief, because the Legislature has recognized that a judicial remedy may be appropriate where an administrative decision is sufficiently flawed. (*San Ramon, supra,* 125 Cal.App.4th at pp. 357-358.) *Young should be able to attempt to show that the District had an enforceable duty grounded in its bylaws, and he may assert a right to proper*

9

*performance of such a duty, to allow him the requested review of his summary*

*suspension.*" (*Young, supra*, 210 Cal.App.4th p. 58; italics added.)

"Similarly, even though a hospital peer review proceeding qualifies as an 'official proceeding' under another anti-SLAPP definition, we must still determine whether the basis of his claim arises out of 'any written or oral statement or writing made in connection with an issue under consideration' by the peer review proceeding. (§ 425.16, subd. (e)(2).) Young's fifth cause of action alleges that he is entitled to judicial review of the administrative decision, and he does not seek damages on tort theories. He attacks the [December 2008] summary suspension as not carried out properly by a qualified committee, and claims the review of his records was done improperly. *We think this claim of entitlement to judicial review of allegedly prejudicial administrative action is based in and arose out of his statutory rights under section 1094.5*, and is separate and different from an action for damages that arose out of the content of the allegedly wrongful peer review statements, such as the courts in *Kibler, supra,* 39 Cal.4th 192 [and another case] were considering (damages for defamation or business interference). 'The substance of the [District's] decision was not protected activity.' [Citation.] The claim here is avoidance of fair procedure or his judicial review hearing rights." (*Young, supra*, 210 Cal.App.4th at p. 58; italics added.)

In the prior opinion, we acknowledged, "Even if a cause of action was 'triggered' by protected activity, it does not always arise from it. [Citation.] When we examine the alleged acts that underlie the fifth cause of action, we conclude Young is principally seeking judicial relief from actions of an administrative body that denied him a hearing to

10

which he was otherwise entitled, and those actions are independent from any protected elements of the claims. *The anti-SLAPP statute should not be interpreted to impose an undue burden upon Young's right to petition for court review of administrative action that was in the nature of governance*." (*Young, supra*, 210 Cal.App.4th at pp. 58-59; italics added.)

## C. Objective Standard

Young's current appeal challenges the trial court's ruling that he had not satisfied the statutory criteria to obtain an award of fees and costs. We review that statutory interpretation and decision de novo. (*San Ramon, supra*, 125 Cal.App.4th at p. 352; *Carver v. Chevron USA, Inc.* (2002) 97 Cal.App.4th 132, 142.)

At the time of our prior opinion, the merits issues were admittedly confusing and required clarification, because the Supreme Court had determined in *Kibler, supra,* 39 Cal.4th 192, 196-197, that the anti-SLAPP procedure could properly be raised by a hospital district in defense of a lawsuit, in the context of a tort damages action (defamation, abuse of process, and interference with practice claims). Dr. Kibler, a hospital staff physician, was suing upon tort causes of action that directly "arose" out of peer review recommendations. The hospital's peer review proceeding qualified for those purposes as a type of "official proceeding authorized by law," as defined and protected by section 425.16, subdivision (e)(2). (*Kibler, supra*, at p. 199; *Young*, *supra*, 210 Cal.App.4th at p. 57.)

In Young's prior appeal, we decided that such concerns for protection of peer review proceedings did not invoke the anti-SLAPP procedures of section 425.16, with

11

regard to his fifth cause of action for administrative mandamus. That cause of action was not subject to being stricken as arising from the District's protected activity. It was important that Young retain his rights to the requested administrative review of the summary suspension of his practice rights, which was inextricably intertwined with the termination of his privileges. (*Young, supra*, 210 Cal.App.4th at pp. 57-59.)

On the current fees questions, we utilize an objective standard to review the trial court's finding that the District's anti-SLAPP motion, although unsuccessful, was not frivolous in nature. We conclude the motion was not "totally and completely" without merit. (§ 128.5, subd. (b)(2).) On the state of the law at the time the motion was brought and pursued throughout its various stages (reconsideration, etc.), the District and its counsel could have had a reasonable belief that the substance of Young's allegations in his fifth cause of action "arose out of" protected activity, as defined by anti-SLAPP standards. It follows that the trial court correctly determined that Young was not entitled to an award of attorney fees under section 425.16, subdivision (c).

### D. Subjective Standard

Where the trial court makes a finding under section 425.16, subdivision (c)(1) that a special motion to strike was subjectively solely intended to cause unnecessary delay, such a finding would be reviewed on appeal for abuse of discretion. (*Chitsazzadeh, supra*, 199 Cal.App.4th 676, 683-684; *Moore v. Shaw, supra*, 116 Cal.App.4th at p. 199.) To the extent that Young continues to argue that the District's motion was brought for the "sole" purpose of harassing him or unduly delaying the writ proceedings, he has no adequate direct or indirect support in the record.

12

Certainly, it is regrettable that the anti-SLAPP motion proceedings, together with the process of appellate review, have consumed so much time and money. Nevertheless, the principles involved are important and deserving of close attention. As the trial court cogently observed, the lack of entitlement to attorney fees in a case like this, where the law is yet unsettled, is unfortunately "just one of the collateral consequences of this statute."

## DISPOSITION

The order is affirmed. Each party to bear its own costs on appeal.

_____
HUFFMAN, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
IRION, J.

13